# The Peoria & Rock Island Railway Co.

## *v.*

## Thomas Bryant.

1. RIGHT OF WAY—*of the width thereof—in what manner to be determined.* Upon an application by a railway company for the condemnation of a right of way, the company is not bound to take and pay for the land described in the petition, if less is needed for its purposes. It is not estopped by the allegations in the petition as to the quantity of land to be taken, when its engineer is of opinion that a less quantity is sufficient.

2. And especially is this the rule where the proceedings are had under the provisions of the act incorporating the Mississippi Railroad Company, under which the Peoria & Rock Island Railway Company was authorized to act in that regard.

3. So, upon an appeal from the action of the commissioners had under that act, to the circuit court, the report of the commissioners is the foundation of the appeal, and the width of land as therein described, must control. When the company acquiesces in the width adopted in the report, with knowledge of it, then it is concluded.

4. SAME—*of the requisites of the verdict.* On the trial of such appeal, under the act mentioned, it is not sufficient that the verdict is for a gross sum in damages; it should give the value of the land taken, also the amount of damages, and a description of the land taken, and the judgment should conform thereto.

5. SAME—*of the burden of proof as to the title to the land.* Where a railway company presented a petition for the condemnation of a right of way over the land of a certain person, alleging therein that such person was the owner of the land, and the report of the commissioners, chosen at the suggestion of the company, also showed that he was the owner, and it further appeared that at the commencement of the proceedings for condemnation, the person so alleged to be the owner of the land was in possession, it was *held*, he was not required to establish his title by proof, in order that he might contest the matter of compensation. The relations of the parties in respect to the burden of proof in that regard, is different where the company institutes the proceedings and acknowledges the title, from what it is where the alleged owner applies for the assessment of damages against the corporation.

6. SAME—*measure of damages—what proper to be considered.* Where the owner of the land, over which it is sought to condemn the right of way,

claims that he will thereby lose the beneficial enjoyment of a spring on the land, that is a proper subject for the consideration of the jury in adjusting the compensation.

APPEAL from the Circuit Court of Peoria county ; the Hon. S. D. PUTERBAUGH, Judge, presiding.

This was a proceeding for condemnation of land for a right of way for the Peoria & Rock Island Railway Company, which was incorporated by the act of March 6, 1867. Section 16 of that act authorizes the corporation so created to condemn lands under the provisions of an act to incorporate the Mississippi Railroad Company. These provisions are contained in sec. 5 of that act, and so far as they relate to, or may affect, this appeal, are as follows :

" It shall be lawful for any judge of the circuit or county courts of this State, on application of the said company, either in term time or vacation, and at the cost of the said company, to appoint three disinterested persons residing in the county where such lands are situate, not of kin to the owner or owners thereof, whose duty and charge it shall be to view and examine all the lands so taken in said county, with the buildings and improvements, if any thereon, and to estimate the value of the lands so taken or required by said company, and all damages which the owner or owners thereof shall sustain or may have sustained, by reason of the taking of the same for the construction and use of said road or work appertaining thereto, taking into consideration the advantages as well as the disadvantages of the same, by means of the construction and operation of the said road to the said owner or owners ; and when said commissioners are so appointed, they shall act in all cases arising in said county requiring the action of commissioners, whenever said company shall be unable to agree with the owner or owners of said land ; but if, for any cause, either or all of said commissioners shall become disqualified to serve, or their place or places become vacant, such vacancy or vacancies may be filled in the same manner that the original

appointment was made.   And it shall be the duty of the said company to give two weeks notice of their application to a judge of the circuit or county court for the appointment of the said commissioners, to be published for two successive weeks in a newspaper published in the county in which said lands are situate,        *        *        *        *        *
        *        *        *        and the persons so appointed, before entering upon the discharge of such duties, shall take an oath before some justice of the peace, etc., etc.        *        *        * to examine the several pieces or parcels of land so taken or required by said company, and impartially to estimate and appraise the value of the same, and the damages or injury which the owner or owners of each piece or parcel thereof, shall have sustained or may sustain by reason of the taking and using thereof by the said company, over and above the benefits and advantages, which said owner or owners shall derive from the construction of such railroad—thereupon such commissioners shall proceed to examine the premises and estimate the value of such land, and the amount of damages, if any, over and above the benefits and advantages which may accrue to such owner or owners as aforesaid, and shall make a report in writing of such valuation, under their hands and seals, to the clerk of the circuit court of the county where the land lies, and shall return the same within twenty days after making their appraisal, to the clerk of the circuit court of the county in which the land lies, and it shall be the duty of the said clerk to file the same; and in case no appeal shall be made within twenty days after the filing of said reports, as hereinafter provided, then the said clerk shall record the same at the expense of the said company, and judgment of the said court shall be entered thereon, either in term time or vacation, on motion of either party; provided that either party may appeal to the circuit court of the county in which said lands shall lie, within twenty days after said report shall have been filed in the clerk's office of said court, and such appeal shall be tried in the same manner as other issues are tried in said court,

and the jury empanelled to try the same shall find the value of the land so taken, and the damages which the owner or owners thereof shall have sustained or may sustain by the taking of the same, over and above the benefits which will accrue to such owner or owners from the construction of such railroad, and the judgment of the court shall be entered accordingly. Such appeal shall be taken by giving notice thereof to the clerk of the said court in writing, and thereupon the clerk shall enter the same upon the docket of said court, setting down the railroad company as defendant, and the said claimant or claimants as plaintiff." Private Laws of 1865, p. 172.

The railway company applied to the judge of the county court of Peoria county, for the appointment of commissioners to view, examine and estimate the value of the lands taken or required by it, and the amount of damages, if any, over and above the benefits and advantages which would accrue to the owner from the construction of the railway. The width of the right of way asked to be condemned in the petition was 100 feet, except that over the part of the land occupied by Thomas Bryant a width of 200 feet was required.

The commissioners, on the suggestion of the company, reported as follows:

"Strip of land taken and required by railway, 925 feet long, 50 feet wide and 1 6-100 of an acre; 388 feet long, 100 feet wide, and 75-100 of an acre; 792 feet long, 200 feet wide, and 5 44-100 of an acre."

On an appeal to the circuit court, a trial resulted in the following verdict: "We, the jury, find for plaintiff, and assess the plaintiff's damages at $8000," and judgment was rendered accordingly, from which the railway company took this appeal.

Messrs. BRYAN & COCHRAN, and Messrs. INGERSOLL & McCUNE, for the appellant.

Mr. H. GROVE, and Messrs. O'BRIEN & HARMON, for the appellee.

Per CURIAM: This was a proceeding for the condemnation of the right of way for the railway.

The first and second instructions given for appellee, required the jury to estimate and assess the value of the land, as described in the petition. The width of the land taken, as assessed by the commissioners, was less than the width mentioned in the petition.

The railway company is not bound to take and pay for the land described in the petition, if less is needed for its purposes. Upon no principle is it estopped by the allegations in the petition, as to the quantity of the land to be taken, when its engineer is of opinion that a less quantity is sufficient for the right of way; besides, the statute under which this proceeding was commenced and conducted, determines this question.

The commissioners must examine the land taken and required by the company, and make a report to the clerk of the circuit court in the county in which the land lies. After the filing of the report, either party may appeal. Upon the trial of the appeal, the jury must find the value of the land examined by the commissioners and embraced in their report.

The report is the foundation of the appeal, and the width of land, as therein described, must control.

Suppose that a railway company, through inadvertence, or misapprehension of its necessities, or incompetency or unskilfulness of its agents, filed a petition for a wider strip of land than subsequent investigation showed was necessary, the petition should not be conclusive. By any fair interpretation of the statute, the company should not be compelled to pay for more land than is taken or required. When it acquiesces in the width adopted in the report, with knowledge of it, then it is concluded.

According to the view we have taken, the fifth, sixth and tenth instructions refused for appellant, should have been given. They are based upon the idea that, if the company, after the presentation of the petition, and before condemnation by the commissioners of a width of land for the right of way, required

a less width, and so informed the commissioners, who acted upon the last requirement, then the report of the commissioners, and not the petition of the company, is the legal evidence of the land taken and required.

The jury rendered a verdict for a gross sum. The statute requires, that the jury shall find the value of the land so taken, and the damages which the owner may have sustained, over and above the benefits. The jury should have made a verdict in which should have been given the value of the land taken, also the amount of damages, and a description of the land taken, and the judgment should have conformed thereto. This would have been in accordance with the evident meaning of the statute. The rights of the parties can only be shown by such a verdict and judgment.

It is contended that appellee had no right to contest the matter of compensation, because he did not prove that he was the legal owner of the land taken ; that the statute requires compensation to be made to the owner, and that this means the owner in fee.

The company filed its petition, alleging that appellee was the owner of the land ; the report of the commissioners, chosen at the suggestion of the company, showed that he was the owner, and there was proof before the jury that appellee was in actual possession when the condemnation proceedings were commenced. Such possession has always been held to afford a presumption of ownership in fee.

It is a singular position to take, that appellee has no legal right to litigate the question of compensation for the land taken. He has not brought this litigation; it has been forced upon him by the railway company; and now it insists that he must cease all opposition, and abandon his possession at the command of the company, unless he can prove a perfect title. If the company does not desire the condemnation of the land of appellee, let it dismiss the proceeding. It has acknowledged him as the owner, forced him into the courts for the purpose of determining his compensation for lands to be taken, and

now modestly demands that no compensation shall be assessed, because he has not proved that he is the owner. The company must obtain a title to the right of way from some person. If not obtained from appellee, from whom can it be obtained, under the proceedings to condemn? The argument insisted upon, if carried to its logical conclusion, would have the effect to dispossess appellee, and give the company the land without compensation to any one. Thus it would obtain its right of way without the payment of a dollar.

The cases cited in Pennsylvania and Massachusetts, have no application to the position assumed. In them the owners, under the statutes of those States, applied for the assessment of damages against the corporation. Here, the corporation proceeds to condemn, and alleges ownership in appellee.

In one case cited, *Directors of the Poor* v. *Railroad Company*, 7 Watts & S. 236, the directors presented a petition to have the damages assessed which had been done to their land by the location of the railroad, and averred that they were the owners of the land. The court held that this was a material part of their case, and they were bound to prove it.

In the case at bar, the company has averred that appellee was the owner of the land, and it has no right to shift the burden of proof, to relieve itself from liability.

The alleged injury to appellee from the loss of the beneficial enjoyment of the spring, was a proper subject for the consideration of the jury. Whether he was deprived of it partially or wholly, is to be determined from the proof. If he could only enjoy it by a conveyance of the water across the railroad track, then there would be a total deprivation, unless the company would give him a perpetual license to flow the water across its right of way.

For the error in giving and refusing instructions, the judgment is reversed and cause remanded.

*Judgment reversed.*