THE NEBRASKA RAILWAY CO, PLAINTIFF IN ERROR, V. L. VAN DUSEN, DEFENDANT IN ERROR.

1. **Appeal from Assessment of Damages for Land Taken by Railroad Company.** In taking an appeal from the assessment of damages for land appropriated by a railroad company, to the district court, the appellant is not required by the statute to execute an appeal bond.

2. ——: PLEADINGS NOT REQUIRED. In such appeal, it is not necessary to file pleadings in the case, in the district court—a jury is impaneled by the court to hear the proofs and assess the damages sustained by the owner of the land taken by the railroad company.

ERROR from the district court for Richardson county.

*Schoenheit & Reavis*, for plaintiff in error.

*W. W. Wardell*, for defendant in error.

GANTT, J.

The county judge of Richardson county, upon application of the plaintiff, selected and appointed commissioners, as prescribed by law, to inspect the real estate of defendant in said county, and assess the damages which he sustained by the appropriation of his land for the location, construction, and convenient use of the plaintiff's road. On the 27th day of January, 1876, the commissioners made report to the county judge, and on the same day the plaintiff gave notice of an appeal from the assessment of damages made by the commissioners to the district court, and within the time prescribed by law for taking such appeal the plaintiff filed a transcript of the record and proceedings in the case in the district court. In the meantime the plaintiff deposited the amount of damages assessed with the county judge.

November 21, in the same year, the defendant filed in the district court his motion to dismiss the appeal, on the ground, *first*, that "no appeal bond had been filed in the case;" and, *second*, because the plaintiff "had not prosecuted its appeal as provided by law." The motion was sustained, the appeal was dismissed, and judgment rendered in favor of defendant for costs. The plaintiff now complains that the court below erred in sustaining the motion and dismissing the appeal, and in rendering judgment in favor of defendant for costs.

In appeals from the assessment of damages in cases like the one at bar, it is not essentially requisite to file pleadings in the district court, and it has not been usually the practice to do so, but upon the appeal being taken and transcript filed a jury is impaneled to hear the proofs and assess the damages sustained by the owner of the land appropriated to the use of the corporate company. The main question, then, in the case is— whether an appeal bond is essential in order to perfect the appeal and to give the court jurisdiction of the cause. An appeal is exclusively a statutory right, and must be regulated by the statute granting it. In 3 Bouvier's Institute, 70, it said that an appeal " is regulated entirely by the provisions of the act; it cannot be extended beyond the plain and obvious import of the statute granting it;" and hence, the prime element in the interpretation of such statute is to ascertain and observe what the legislature exactly intended should be done, in order to perfect such appeal. In the construction of the statute, the rule is to give effect to the intention of the legislature whenever such intention can be ascertained by permitted legal means. Potter's Dwarris, 181. And no surmise or conjecture of any object which the legislature may be supposed to have had in view can be allowed to have any weight, unless such object can be clearly ascertained from the plain language

13

of the statute, and no subtle or forced construction can be resorted to for the purpose of limiting or extending its operations.

Now, upon an examination of the various acts relative to appeals, we find in the legislation of our state, that in appeals from judgments of the county court, and from decisions of commissioners appointed to adjust claims in probate matters, from judgments of justices of the peace, in both civil and criminal cases, from judgments of police judges, and decisions of county commissioners, the act granting an appeal, in each case specially provides for an appeal bond, the condition of such bond, and by whom it shall be approved; and further, in respect to appeals in equity causes, and cases in error from the district to the supreme court, an appeal bond is not necessary, unless the party taking such appeal desires' it to operate as a supersedeas. Wherefore, it seems from all the above cases, the statute in each case specially provides for an appeal bond, prescribes the condition of such bond, and declares who shall approve it. Surely this course of legislation clearly indicates that the legislative intent is that an appeal shall be regulated only and wholly by the act granting it. And this rule of construction is not only found in the uniform course of legislation, but is supported by authority, and we think it is the only safe rule.

Section 97 of the act relative to corporations provides, that from the assessment of damages for lands appropriated by railroad companies "either party may have the right to appeal from such assessment to the district court of the county in which such lands are situated, within sixty days after such assessment;" but it does not require an appeal bond, or prescribe its conditions, or declare by whom it shall be approved; nor does the natural and obvious import of the language of the statute imply any such conditions ·to be performed in

order to perfect the appeal. It is not, therefore, to be assumed that the legislature intended any such conditions to be performed. On the contrary, the appeal must be regulated only by the act granting it without imposing upon the party any conditions or terms not clearly within the statute.

The judgment of the court below must be reversed, and the plaintiff's appeal reinstated.

REVERSED.