REPUBLICAN VALLEY R. R. Co., PLAINTIFF IN ERROR, V. MARY McPHERSON, DEFENDANT IN ERROR.

1. Appeal: NEGLECT OF OFFICER. Where a party entitled to an appeal uses diligence in endeavoring to perfect the same, the law will not permit him to be deprived of it through the neglect of the officer whose duty it was to prepare the transcript. *Dobson v. Dobson*, 7 Neb., 296, adhered to.

2. Dismissal: PRACTICE. Where an appeal has been dismissed in the district court, and it is desired to have the same reinstated, the proper practice is by motion in the same case, and not by an original action.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*Marquett & Deweese (C. B. Slocumb with them)*, for plaintiff in error.

*D. W. Barker*, for defendant in error.

MAXWELL, J.

This is an original action brought in the district court of Nuckolls county, by Mary McPherson against the Republican Valley R. R. Co., to obtain an order to reinstate an appeal, which had been dismissed by said court. A demurrer to the petition was overruled in the court below and the appeal reinstated. The railroad company brings the cause into this court by petition in error.

The petition states in substance, that certain real estate, (describing it), of Mary McPherson was condemned for right of way by the plaintiff on the 7th day of November, 1879; that no record of said proceeding was kept in the

office of the county judge of said county; that on the 22nd day of December, 1879, and at various other times, said Mary McPherson notified said judge of her intention to appeal said cause to the district court of said county, and she tendered to him the fees and demanded a transcript of said proceedings to file in said district court, but was unable to obtain the same; that on various pretexts, which are set out in the petition, the county judge neglected and refused to furnish said transcript until more than sixty days had elapsed from the time said land was condemned. It is also stated "that as soon as she possibly could procure a transcript from said county judge she did so, and handed the same to the clerk of the district court of said Nuckolls county, and that she has been guilty of no negligence in her endeavor to perfect her said appeal to the district court; that on account of the refusal of said county judge to make and deliver to her the said transcript, she was unable to file the same within the sixty days allowed by law," etc.

It is also stated that at the May term, 1881, of said court, said appeal was dismissed, because the transcript was not filed therein within sixty days. Two affidavits are also filed in support of said petition. The question to be determined is, did the district court err in reinstating the appeal? The petition and affidavits show diligence on the part of the appellant, and that she made every effort to perfect the appeal within the time limited by statute, but was prevented by the negligence, or failure to perform his duty, of the county judge. The case therefore falls within the rule laid down in *Dobson v. Dobson*, 7 Neb., 296, and is sufficient to entitle the party to an appeal.

The petition in this case was filed as in the commencement of an action. This was unnecessary. It is a proceeding in the same court to reinstate an appeal dismissed for cause. The procedure in such cases should be by

motion to reinstate on notice to the adverse party. The motion may be supported or opposed by affidavits or other evidence. The petition in this case however being filed in the same cause, in the same court, to accomplish the purpose desired by a motion, will be considered as a motion, and the court did not err in sustaining it and re-instating the appeal. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.