THE REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. R. J. E. HAYES, DEFENDANT IN ERROR.

1. **Railroad:** EMINENT DOMAIN: DAMAGES: EVIDENCE. Where no objection was made in the court below to direct proof showing the amount of damages sustained by a land-owner by reason of the location of a railroad across his land, the objection is not available on error.

2. ——: ——: OWNERSHIP OF LAND. Where a railroad company condemns real estate as the property of a person named, it cannot on appeal from the award, at least without tendering an issue to that effect, disprove such ownership.

3. ——: ——: APPEAL: PLEADINGS. Where on appeal the only question is the amount of damages, no pleadings are necessary; but if other issues are involved they must be pleaded to be available.

4. **Motion for New Trial.** Objections to the introduction of evidence not assigned in the motion for a new trial cannot be considered by the supreme court.

5. **Error:** INTRODUCING TESTIMONY WITHOUT OBJECTION. Where testimony proving the facts complained of was introduced without objection, error cannot be predicated upon objections to the same testimony afterwards introduced.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*T. M. Marquett* and *J. W. Deweese*, for plaintiff in error.

*George W. Sheppard* and *W. J. Lamb*, for defendant in error.

MAXWELL, J.

This case is brought here on certain alleged errors in the assessment of damages caused by the location of the plaintiff's railroad across the defendant's land. The errors relied upon in the plaintiff's brief are: *First*. As to the nature of the evidence introduced on the question of damages. *Second*. That the court erred in refusing to permit the plaintiff to show that the defendant had no title to the land in question. *Third*. That the defendant and his witnesses were permitted to magnify the amount of damages by reason of the plaintiff failing to put in certain crossings. *Fourth*. That the defendant and his witnesses were permitted to show the damages sustained on account of the use or purpose of the land.

It appears from the record that in October, 1878, the plaintiff, by its agent J. W. Heisey, filed its petition in the county court of Franklin county, alleging that certain parties refused to grant the right of way over their land, and asking that six commissioners be appointed to appraise the damages. The commissioners were appointed, and on the twenty-third day of January, 1879, reported the damages sustained by the defendant by reason of the location of said road across lots 1, 2, and 3, in section one, town one, range 15 west, to be the sum of $203. The defendant appealed to the district court, where a verdict was rendered in his favor for $406.

The *first* objection is as to the mode of proof of damages. All of the witnesses that testified as to the amount of damages, were permitted to testify without objection as to what

in their opinion was the damage sustained by the defendant. And this is true, not only of the witnesses called by the defendant, but also by the plaintiff. On cross-examination they were asked in what manner they apportioned the damages, and testified freely without objection as to the mode. This being the case, error cannot be assigned upon the admission of such testimony.

*Second.* The railroad company having applied for appraisers and condemned the land as the defendant's, can it be permitted on appeal, where no issue of want of title is tendered, to prove a want of ownership? We think not. Where the only question at issue is the amount of damages sustained, no pleadings are necessary, because the only question to be determined is, whether the damages awarded by the commissioners shall be increased or diminished. *Neb. Railw. Co. v. VanDusen,* 6 Neb., 160. But when other questions are involved in the case, they must be put in issue. As there was no issue presented as to the defect in the defendant's title, the evidence offered by the plaintiff to impeach it was properly rejected. *Peoria R. R. Co. v. Bryant,* 57 Ill., 473.

*Third.* The defendant, in answer to the question how many crossings the railroad company had put in in the three-fourths of a mile it extended across his land, answered but one. This is assigned for error; but on turning to the motion for a new trial we find no objections to the verdict on that ground. The objection cannot therefore be considered.

*Fourth.* Objection is made to proof of the purpose and use to which this land was intended to be put by the defendant—grain and stock farm. It is not necessary to enter into a discussion of the question, as much of this proof was offered without objection, and a portion of it given by the witnesses for the plaintiff.

An examination of the testimony convinces us that the verdict is a fair award of damages for the injury sustained,

and that substantial justice has been done.    The judgment is therefore affirmed.

JUDGMENT AFFIRMED.