LEANDER GERRARD AND MICHAEL WHITMOYER, PLAIN-
TIFFS IN ERROR, v. THE OMAHA, NIOBRARA & BLACK
HILLS RAILROAD, DEFENDANT IN ERROR.

1. **Railroads**: RIGHT OF WAY: TITLE. Where a railroad com-
pany institutes proceedings and condemns a right of way across
real estate, it cannot, on appeal to the district court, disprove the
title of the person to whom the damages were awarded without
pleading his want of title.

2. ——— : ——— : ———. The word "owner" as used in the
statute applies to any person having an interest in the estate.

ERROR to the district court for Platte county. Tried
below before POST, J.

*Gerrard & Whitmoyer*, and *E. Wakeley*, for plaintiff in
error cited: Mills on Eminent Domain, 161, and cases cited.
*R. R. Co. v. Moffatt*, 7 Cal., 579. *Water Works v. San
Francisco*, 22 Cal., 434. *Turnpike Co. v. Burhit*, 26
Ind., 53. *President, etc., v. Givens*, 17 Ill., 255. *P. & R.
I. R. Co. v. Bryant*, 57 Ill., 473. *P. P. & I. R. Co. v.
Lowrie*, 63 Ill., 264. *St. L., etc., R. Co.:v. Teters*, 68 Ill.,
143. *L. & Mil. R. Co. v. Geeger*, 4 Wis., 268. *Ex parte
Heirs of Van Vorst*, 2 N. J. Eq. (1 Green), 292. *Severin v.
R. R. Co.*, 38 Iowa, 463. *R. R. Co. v. Alley*, 34 Mich., 16.

*A. J. Poppleton* and *J. M. Thurston*, for defendants in
error, cited : Mills on Eminent Domain, sec. 160. *Miller
v. Mayor*, 35 N. J. L., 460. *Thurston v. Portland*, 63
Maine, 149. *Minot v. Commissioners*, 28 Maine, 121.
*Horrecks v. R. R.*, 4 B. & S., 315. *Regina v. R. R. Co.*,
3 El. & Bl., 443. *Carli v. Stillwater*, 16 Minn., 260. *R. R.
v. Mahoney*, 49 Cal., 112. *Bersbine v. R. R.*, 23 Minn., 114.

MAXWELL, J.

In April, 1881, the defendant instituted proceedings in
the county court of Platte county for the appointment of

commissioners to appraise the damages sustained by the owners of certain tracts of lands, by reason of the location of the defendant's railroad across the same. Among the lands thus described was the north-east quarter of the south-east quarter of sec. 24 T. 17 R. 1 west, and notice of condemnation was served on the plaintiffs in error, and Thomas C. Durant, trustee. The plaintiff's damages were appraised at $1,050. The defendant then appealed to the district court, and upon the trial the court excluded a tax deed under which the plaintiffs claimed title, and directed a verdict for the defendant. No pleadings were filed in the district court, nor was any issue of want of title made.

In the case of the *Republican Valley R. Co. v. Hayes*, 13 Neb., 489, it was held by this court that where a railroad company condemns real estate as the property of a person named, it cannot on appeal from the award—at least without tendering in issue to that effect—disprove such ownership. The reason of the rule is plain. The appeal properly brings up only the question of damages. If that is the only one to be determined no pleadings are necessary, because the sole question for consideration is, what is the amount which the land-owner ought to recover? *Neb. Ry. Co. v. Van Dusen*, 6 Neb., 160. But when other matters are involved in the case, they must be put in issue. The R. R. Co. acquires merely the right of way possessed by the parties to the proceedings. It is therefore its duty to bring in all parties having an interest in the estate in order that the condemnation money may be properly applied. The word "owner" as used in the statute applies to all persons who have an interest in the estate.

Where it is necessary the court possesses ample power to require such parties to interplead, and to apportion the money according to their rights. The court therefore erred in directing a verdict for the defendant.

The question of the validity of the tax deed has not been very fully considered in the brief of either counsel, and

therefore will not be determined. It was admissible in evidence, however, for the purpose of showing the lien of the plaintiffs for taxes paid, and perhaps as evidence of title.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.