THE REPUBLICAN VALLEY R. R. COMPANY, PLAINTIFF IN ERROR, V. ELIZABETH LINN, DEFENDANT IN ERROR.

1. **Practice:** CROSS APPEALS. Where each party appealed to the district court from the assessment of damages by the commissioners appointed to assess the damages occasioned by the taking of the right of way over the lands of plaintiff for the railroad of defendant, *Held*, That a motion by defendant to dismiss the plaintiff's appeal for the want of notice of such appeal was rightfully denied.

2. **Eminent Domain:** RAILROAD: EVIDENCE. On the trial of a right of way case a witness may state that the taking of a right of way across plaintiff's farm in a diagonal direction from the n. e. corner to the s. w. corner is a damage to the remaining and severed pieces of land, and may state in what such damage consists.

3. **Cross-examining Witness.** A party who on cross-examination of a witness asks him an immaterial question is concluded by his answer and cannot call another witness to impeach him.

4. **The Instructions** copied at length in the opinion, *Held*, To present the case fairly to the jury.

ERROR to the district court for Pawnee county, where the cause had been brought on appeal from the county court on an award of damages for right of way of the railroad of

a tract of land belonging to Linn. Tried below before WEAVER, J.

*T. M. Marquett* and *J. W. Deweese*, for plaintiff in error. Plaintiff was entitled to notice of appeal. *Neb. Railway v. Van Deusen*, 6 Neb., 160. On proof of damages, cited: *Evansville R. R. v. Fitzpatrick*, 10 Ind., 120. *Farrand v. C. R. R.*, 21 Wis., 435. *Harrison v. Iowa R. R.*, 36 Ia., 323. *Alabama R. R. v. Burkett*, 42 Ala., 83. *F. E. & M. V. R. R. v. Whalen*, 11 Neb., 587. *City of Parsons v. Lindsay*, 26 Kan., 430.

*George M. Humphrey*, for defendant in error, on notice of appeal, cited: Wade, 482, 513. On jurisdiction, *Porter v. Railroad*, 1 Neb., 15. *Crowell v. Galloway*, 3 Id., 220. On evidence, *F. E. & M. V. R. R. v. Whalen*, 11 Neb., 587. Mills on Eminent Domain, p. 168. *Snow v. Boston R. R.*, 65 Me., 230. *Dwight v. Hampden*, 11 Cush., 201. *Simmons v. St. Paul R. R.*, 18 Minn., 184. *Swan v. Middlesex*, 101 Mass., 173. On instruction, Mills Eminent Domain, 162.

COBB, J.

In this case there are numerous errors assigned in the motion for a new trial and the petition in error which are not noticed in the brief of plaintiff in error. Those noticed in the brief only will be considered in this opinion.

The first point made is, " that the court against the objections of plaintiff in error assumed and entertained jurisdiction in the case on the pretended appeal by defendant in error from the award of the commissioners."

It appears from the record that the plaintiff in error made a special appearance in the court below and filed a motion to dismiss the appeal in said cause for the reason that no notice of appeal to said court had been served on it. But it does not appear that the attention of the court

was ever called to said motion or any order made thereon, so of course no exception to any ruling of the court thereon is presented for the consideration of this court. But the record brought here by plaintiff in error does show that an appeal was taken to the district court from the award of the commissioners by both parties, and that in said court by consent of parties the two causes thus presented by said two appeals, to-wit, docket numbers 504 and 505, were consolidated. So that it was as much the appeal of plaintiff as of defendant in error that was tried, and whatever may be the law in regard to notice in such cases such objection cannot be considered here.

The second point made is upon the question of the proof of damages; and it is claimed that the witnesses were allowed to fix the amount of damages defendant in error was entitled to recover instead of leaving that duty to the jury after they were made acquainted with the facts. I do not understand the testimony to be open to the above objection. The following testimony is that which I understand to be particularly objected to under this head, the witness S. L. Linn being upon his examination in chief:

41 Q. State the value of that land per acre at or just before it was appropriated for the right of way?

Defendant objects as incompetent. Overruled and exception noted.

A. Just about the time that line was run through we were offered thirty dollars an acre.

Defendant objects, and move to strike out. Sustained.

42 Q. What was a fair market value?

A. I think it was more than that.

43 Q. After it was appropriated as a right of way what do you think that farm was worth?

Defendant objects as incompetent. Objection sustained. Plaintiff excepts.

*    *    *    *    *    *    *

45 Q. At that time what was the value of the land, at the time it was taken?

Objected to as incompetent. Objection overruled. Defendant excepts.

A. You mean just what they took?

46 Q. Just what they took first.

A. Well, it was not worth any more than the rest only the way they took it.

47 Q. By the court. How much an acre?

A. Fifty dollars an acre.

48 Q. By Mr. Humphrey. How much less is that farm worth by reason of their taking that right of way through it?

Defendant objects as incompetent. Question withdrawn.

This witness was cross-examined by the counsel for the plaintiff in error, and finally as follows:

84 Q. I understand you to say you had been offered thirty dollars an acre for your farm?

A. Just about the time the line was surveyed; I think about the first of January.

85 Q. That included the buildings and improvements and everything?

A. It included everything there.

86 Q. How is it you say that the strip of right of way, which don't interfere with the buildings, except causing the moving of the barn, how can you say that was worth fifty dollars an acre?

A. I mean taking it out of the middle of the field. I am including the damage with the value of the land. That is, I mean it was worth that to take it out of the middle of the field.

87 Q. If the strip had been taken out of one side you would not have put it so high?

A. Oh, no.

Re-direct examination by Mr. Humphrey.

88 Q. Do you mean to say that the fifty dollars is all the damage to the property?

A. Oh, no, I don't claim that.

Defendant objects as incompetent.   Overruled and exception.

89 Q.   Explain what you mean?

A.   If a man wanted to buy that much out of the middle of the farm fifty dollars an acre would not buy it; I don't mean to say it was all the damage.

In the case of *R. R. v. Whalen*, 11 Neb., 587, this court, in the opinion by the chief justice, say: "It is doubtless a proper course to take the opinion of experts as to the value before it is affected by the location of the road.   This done, the testimony on the question of damages should be confined to those matters affecting the value proper to be considered, leaving the jury to draw their own inferences therefrom unaffected by the judgment of others."

I fail to see wherein the rule thus laid down has been violated in the case at bar.   Numerous authorities are cited to the proposition that in an action of this kind a witness should not be allowed to give his opinion of the amount of damage to plaintiff's farm caused by the taking of the right of way for defendant's railroad.   But I know of no authority which goes the length of holding that a witness may not state that such taking is a damage to such farm or that he may not point out the various matters in respect to which such damage may result.

After the testimony on the part of the defendant in error was closed, the plaintiff in error called witnesses on its behalf, among others J. P. Love.   I transcribe a part of his testimony:

242 Q.   Were you one of the commissioners that viewed this land?

A.   Yes, sir.

\*        \*        \*        \*        \*        \*        \*

246 Q.   Were you there in a wagon with the other commissioners who viewed the land?

A.   Yes.   I was one of the commissioners.

247 Q.   You may state whether Linn was there?

A. Mr. Linn, the gentleman on the stand, was there.

Q. He is the son of the plaintiff, Mrs. Linn?

A. I believe so.

Q. You may state, in your estimate, the injury to the place.

Objected to as immaterial. Sustained and exception.

Q. You may state whether you observed how the road cut the farm?

A. Yes, sir.

Q. I will ask you to state whether Linn presented to you or represented to you the fruit, hedge, and fencing, trees, orchard, etc., that had been destroyed by the location of the railroad?

Plaintiff objects as immaterial. Objection sustained and exception.

L. A. Stebbins, a witness for plaintiff in error, testified that he was also one of the commissioners who assessed the damages to the farm. His examination proceeds as follows:

Q. The plaintiff's son was there at the time you were viewing it?

A. I suppose it was her son.

Q. He lived there on the premises, did he?

A. I could not swear he did, but suppose he did.

Q. He talked with you about the matter, did he?

A. Yes.

Q. And he represented what had been destroyed by the grading of the railroad?

Objected to. Objection sustained and exception.

After the defendant below had closed its testimony the plaintiff recalled the witness S. L. Linn, and re-examined him. Whereupon on cross-examination by counsel for defendant below he testified as follows:

Q. State to the jury whether yo did not represent to the commissioners who appraised the damages this last time, that the grape-vines destroyed by right-of-way were worth one dollar apiece?

A.   No, sir.   I never made such a statement to those commissioners or anyone else.

298 Q.   You did not state the number of grape-vines, and value at one dollar apiece?

A.   I stated the number of grape-vines, but not the value.

299 Q.   You say you did not give them any value on the grape-vines?

A.   I did not.

The witness L. A. Stebbins was then recalled and examined by counsel for plaintiff in error, as follows:

300 Q.   State to the jury what value Linn—S. L. Linn —put on the grape-vines destroyed by the right-of-way, if any, at the time of the appraisement of damages by you as one of the commissioners at the last appraisement.

Plaintiff objects, the ground has not been laid for impeaching the witness Linn.   Objection sustained, defendant excepts.

301 Q.   You may state whether on October 4, the date of the appraisement of damages, Mr. S. L. Linn was present, and had represented to you the value of the grape-vines destroyed by the right-of-way or not?

Plaintiff objects as irrelevant and incompetent.   Objections sustained and exceptions.

Now although the witness S. L. Linn had been on the stand three times on this trial, and each time examined and cross-examined, he had not been interrogated as to the value of the grape-vines, and had expressed no opinion as to their value.   It could not have been sought therefore to contradict him by the testimony of Stebbins.   If it was, then such testimony was inadmissible for the reason that it being quite immaterial to any issue in the case whether the witness Linn had at one time stated the value of the grape-vines at one dollar apiece or not; the plaintiff in error by asking him the question, was bound by his answer, and could not call another witness to contend him.

I say that the question propounded to the witness was immaterial. It was not material to contradict any opinion which he gave on the stand as to the value of the grape-vines, for he gave none. Certainly not for the purpose of estopping the plaintiff below from claiming the price she did for the vines, for while the witness is her son, and was then a member of her family, there is no attempt made to prove that he was her agent, or had ever acted for her in this or any other business.

Plaintiff in error complains of but one of the instructions given by the court to the jury, to-wit:

"11. In securing the owner of the land just compensation for taking a right-of-way through the same, the jury should give, in addition to the actual value of the land taken, a further indemnity for damages resulting from the use to which the land taken is to be applied, that is if the balance of the tract is damaged."

Plaintiff in its brief says, "Now in this use stock are killed, human lives are endangered and lost, and property destroyed by fire. Annoyances are caused by smoke, noise, and confusion. All of these might be considered under this instruction, and probably were. And yet none of the facts should be considered by the jury."

I do not think the language of the instruction is open to the construction thus placed upon it; but it seems that the court, to avoid any possibility of the jury placing such a construction upon it, also instructed them as follows at the request of the defendant:

"1. The jury are instructed that in estimating the damages due the plaintiff for right-of-way appropriated by the railroad company you will not allow anything for the noise and confusion incident to the operation of trains, nor any damages that may arise by reason of the negligent or improper construction or management of the road.

"2. The jury will not allow any damages that arise or may arise from fires set out by the engines on the road,

nor for the danger to stock and children or persons, or the damages that may arise by injury to stock, property, or persons.

"4. The plaintiff being the owner of lands on both sides of the track, is entitled upon proper application to have a good and sufficient road-way crossing. Whether such crossing has or has not been made is not to be considered by you in this case, and no damages can be allowed by you for the want of a crossing or for its insufficiency. That is a question that cannot be determined in the award of damages for right-of-way as in the present case."

Taking these instructions altogether they are quite as favorable to the plaintiff in error as the law and the evidence in the case would admit of. Nor do I think the verdict of the jury shows that they either misconstrued the instructions of the court or failed in the proper application of the evidence.

The judgment of the district court should be affirmed.
By the Court,

JUDGMENT AFFIRMED.