OMAHA, NIOBRARA & BLACK HILLS RAILROAD COM-
PANY, PLAINTIFF IN ERROR, V. JACOB UMSTEAD
AND MAGGIE UMSTEAD, DEFENDANTS IN ERROR.

**Railroads:** APPEAL FROM ASSESSMENT OF DAMAGES FOR RIGHT
OF WAY: TRIAL IN DISTRICT COURT. Where an appeal is taken
from the appraisement of damages to real estate caused by the
construction of a railroad, the owner of the land becomes the
plaintiff in the district court to the extent that it becomes nec-
essary for him to prove his damage in case the railroad company,
appellant, fails to appear for trial. In such case, when the rail-
road company is appellant, it is error to dismiss the appeal for
the reason that the appellant company is in default for want of
an answer.

ERROR to the district court for Nance county. Heard
below before POST, J.

*A. J. Poppleton* and *J. M. Thurston*, for plaintiff in
error.

*W. F. Critchfield*, for defendants in error.

REESE, J.

Plaintiff in error, by proper proceedings, condemned the
real estate of defendants in error for right of way for its
railroad. From the assessment of damages plaintiff in
error appealed to the district court. At the next succeed-
ing term of court an order was made upon the applica-
tion of plaintiff in error, fixing the time in which to file
pleadings. Defendants in error filed their petition within
the time fixed by the court, but plaintiff in error failed to
file its answer. At the session of court next after the one
in which the order was made, plaintiff in error being still
in default for want of an answer, defendants in error
moved to dismiss the appeal for the reason that plaintiff
in error had failed to comply with the order of the court

requiring it to answer within sixty days from the entry of the order as required thereby. This motion was sustained and the appeal dismissed, to which plaintiff in error excepted. This ruling of the district is now assigned for error.

No question is presented involving the legality of the appeal, either from not having been taken within the time required by law or as to the proceedings adopted in perfecting it. These questions were passed upon by the district court and decided in favor of plaintiff in error, and as defendants in error have taken no measures to have the decision reviewed it must be treated as final.

The only question then presented is, whether or not the decision of the court in dismissing the appeal was correct. This question involves one of practice in cases of appeals from the assessment of damages. Section 97, chapter 16, Compiled Statutes, provides that either party shall have the right to appeal from the assessment to the district court of the county where the lands are situated, if such appeal be taken within sixty days. It is further provided that the appeal shall not delay the work in the construction of the road, provided a sum equal to the amount of damages assessed is deposited with the county judge. This is substantially all we have in the statute upon this subject. It has been decided by this court that no appeal bond is required, and that it is not necessary to file pleadings in the district court. *Neb. Ry. Co. v. Van Dusen*, 6 Neb., 160. But if other issues than the mere question of damages are to be tried, then such issues must be presented by proper pleadings. *R. V. R. R. v. Hayes*, 13 Neb., 491. *Gerrard v. O. N. & B. H. R. R.*, 14 Id., 271. The appeal, when tried without pleadings, presents only the question of damages.

In the case at bar an order requiring the issues to be formed was made upon the application of plaintiff in error. The order was presumably made for the accom-

plishment of some purpose known to the parties procuring it to be made, as it was not necessary if the question of damages was the sole question to be tried. In either case the owner of the land must be treated as the plaintiff in the action. He is entitled to the opening and closing on on the trial. *O. & R. V. R. R. Co. v. Walker, ante* p. 432. This being the case it is quite apparent that the appeal could not be legally dismissed simply because the plaintiff in error was in default for want of an answer. In such case the proper practice is for the owner of the land to call his witnesses and prove his damages the same as in any other case where a defendant is in default. The decision of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.