JAMES GIFFORD, PLAINTIFF IN ERROR, V. THE REPUB-
LICAN VALLEY AND KANSAS RAILROAD COMPANY,
DEFENDANT IN ERROR.

1.  **Railroads**: RIGHT OF WAY: APPEAL. The right of appeal
    from the award of commissioners in the assessment of damages
    sustained by an owner of real estate by the appropriation of the
    same to the use of a railroad corporation, may be availed of and
    perfected by the filing of a transcript from the county judge of
    the condemnation proceedings in the district court, or the office
    of the clerk thereof, within sixty days after the filing of the re-
    port containing such award with the county judge.

2.  ——: ——: ——. When such transcript is not filed, nor
    sufficient cause shown for such failure, without laches on the
    part of the appellant, the appeal will be dismissed.

ERROR to the district court for Harlan county. Tried
below before GASLIN, J.

*Lamb, Ricketts & Wilson* and *P. J. Dempster,* for plain-
tiff in error.

*T. M. Marquett* and *J. W. Deweese,* for defendant in error.

COBB, J.

This case arises upon an appeal from the award of dam-
ages to the appellant and plaintiff in error, caused by the
taking of its right of way over his lands by the railroad
company, defendant in error.

It appears from the record that on the 13th day of May,
1885, application on behalf of the railroad company was
made to the county judge of Harlan county for the ap-
pointment of six disinterested freeholders of the county
to be summoned to assess the damages to the owners of
certain real estate therein described, including the lands
of the plaintiff in error. On the same day the sheriff is-

sued a summons to the six persons therein named for the purpose aforesaid, which summons was served and returned on the following day. It further appears that on the 15th day of May, 1885, the said commissioners made their report in case of each tract of appellant's land, and on the 16th day of May, 1885, the said reports were in each case filed in the office of the said county judge, and the amount of damages as assessed by the commissioners in each case paid by said company into the office of the said county judge for the use of the plaintiff in error.

There are in the record three notices of appeal by the plaintiff in error, one applicable to each of his separate tracts of land over which the right of way was assessed. These notices are addressed to L. H. Kent, county judge, are each dated July 8, 1885, one of them marked as filed in the office of the county judge July 9, 1885. There are also three notices of appeal (one applicable to each tract) addressed to the railroad company, served on said railroad company, as therein certified, by delivering a copy thereof in each case, on the 10th day of July, 1885, to Frank Denniny, " the duly authorized agent of said company." These notices are marked as filed by the clerk of the district court July 15, 1885.

It also appears that on the said 15th day of July, 1885, the said Gifford, plaintiff in error herein, filed a petition in the said district court, applicable to the said assesment of damages for right of way over each of his said three tracts of land.

At the September term of said court, on the 29th day of September, 1885, the said railroad company made a special appearance in said cause in said court and objected to the jurisdiction of said court to entertain the said appeal and to try said cause for the following reasons:

" 1. No transcript on appeal was filed within sixty days from the date of the assessment of damages, and no appeal taken within said time as provided by statute.

" 2.    No notice of appeal was ever served on the defendant of the taking of said appeal within sixty days from the time of the assessment of the damages by the commissioners."

Certain affidavits were filed, as well by the appellant as by the defendant, and considered by the court in disposing of the above objection, one or more of which will be hereinafter again referred to.

On the 30th day of September, 1885, and before the disposition of the above objections, a transcript of the condemnation proceedings from the office of the county judge was filed in the district court.

On the 3d day of October, 1885, the district court sustained the objection of the defendant to its jurisdiction to entertain the said appeal and try said cause, and thereupon dismissed the said appeal at the costs of the plaintiff.

The plaintiff brings the cause to this court on error. The errors assigned are—

1.    The court erred in dismissing the appeal in said cause, and in dismissing said cause.

2.    The court erred in rendering judgment for the defendant in said cause.

Section 97, of chapter 16 of the Compiled Statutes, after providing for the selection and summoning of six disinterested freeholders of the county, for the purpose of assessing damages where right of way for railroads is sought to be appropriated, and pointing out the duties of such freeholders as commissioners in making, certifying, and reporting such assessment, contains the following proviso : " *Provided*, That either party may have the right to appeal from such assessment of damages to the district court of the county in which such lands are situated, within sixty days after such assessment.    And in case of such appeal, the decision and finding of the district court shall be transmitted by the clerk thereof, duly certified to the county clerk, to be filed and recorded as hereinbefore provided in his office," etc.

As to how such appeal shall be made or taken, what papers filed or oaths taken, or whether any, the statute is wholly silent. And yet it will not be denied but something must be done to bring the case within the jurisdiction of the district court. Nor will it be denied that whatever must be done to give the appellate court jurisdiction, must be done within sixty days after such assessment. The word assessment, here, doubtless covers all of the official acts of the commissioners or assessors in respect to the real estate in question necessary to its appropriation, so that the sixty days during which the right of appeal, if declared to exist, commences to run upon the performance of the last official act of the commissioners, to-wit, the making of their report in writing to the county judge of the county; that is to say, delivering their report to said county judge.

As above stated, it will not be denied that it is necessary that something must be done by the party who would avail himself of the right of appeal guaranteed to " either party " by the statute above quoted; and whatever that thing is, or things are, it cannot be something that is merely voluntary on his part, which he may do or not do, and still by the doing of some other or different thing bring himself within the benefits of the law and give the appellate court jurisdiction of his case.

In the case at bar, the plaintiff served a notice upon the county judge that he appealed to the district court from the finding and award of the commissioners, etc. This notice was served within sixty days from the assessment of damages. He also served a like notice, addressed to the defendant company, upon a person who had acted as right of way agent, or assistant right of way agent of the defendant company, in and about the said condemnation proceedings. This notice was also served as aforesaid within sixty days from the assessment of damages. Whether this person was such an agent of the defendant company upon

whom service of process or of notice in a proper case could be made as upon said corporation, is a question raised and discussed in the briefs, but which, with my views of the controlling question involved in the case, it is deemed unnecessary to decide.

The plaintiff also, within sixty days from the assessment of damages, filed in the district court a petition against the said railroad company, based upon his claim for damages for such right of way greater than those awarded by said commissioners.

Were either or all of these proceedings sufficient to constitute an appeal, and to give the district court jurisdiction of the case? So far as notice is concerned, I remember no case, nor are we cited to any, where notice to the opposite party has been held to be a jurisdictional matter in the case of appeal under any statute. It has often been held to be the right of an appellee to have notice before the appellant would be permitted to proceed with the case, but not as a matter of jurisdiction.

In the case of *R. V. R. Co. v. Linn*, 15 Neb., 234, it was assigned for error that the district court overruled a motion to dismiss the appeal for the want of notice. The point was disposed of in this court upon the consideration that both parties in that case appealed from the award of the commissioners. But in writing the opinion I made a thorough search of the authorities, and rather from what I failed to find, reached the conclusion that no notice was necessary, even outside of the consideration that there were mutual appeals in that case. I am still of that opinion, and if I am correct, then the reverse of the proposition is equally true, and the service of a notice in such case being unnecessary, is voluntary and gratuitous, and confers no jurisdiction upon the appellate court.

In the case of *Neb. Railway Co. v. Van Dusen*, 6 Neb., 160, the error assigned was that the district court dismissed the appeal of the railroad company on motion of

Van Dusen, the ground of such motion being, *First,* That "no appeal bond had been given," and, *Second,* Because the plaintiff "had not prosecuted its appeal as provided by law." In the opinion reversing the case, the court, by Judge GANTT, said : "In appeals from the assessment of damages in cases like the one at bar, it is not essentially requisite to file pleadings in the district court, and it has not been usually the practice to do so."

If, then, it is not necessary to file pleadings in cases of this kind, the gratuitous and unnecessary filing of a petition therein cannot be held to supply the want of such papers or proceedings as are requisite.

The general understanding of the profession in this state has been, as I believe, that the essentially requisite proceeding to perfect an appeal from the award of commissioners, in a case of this kind, and to give the district court jurisdiction of the same, is to file in the said court, or in the office of the clerk thereof, a certified transcript, from the county judge, of the condemnation proceedings, from the original application to said county judge for the appointment of commissioners to the report of such commissioners in the respective case, both inclusive.

The case of *Republican Valley R. R. Co., v. McPherson,* 12 Neb., 480, arose upon "an original action brought in the district court by Mrs. McPherson to reinstate her appeal, which had been dismissed by said court for the reason that a transcript had not been filed therein within sixty days from the assessment of damages. In her petition she alleged that the right of way over her land was condemned for the use of said railroad company on the 7th day of November, 1879; that no record of said proceeding was kept in the office of the county judge of said county ; that on the 22d day of December, 1879, and at various other times, said Mary McPherson notified said judge of her intention to appeal said cause to the district court of said county, and she tendered to him the fees and demanded a transcript of

said proceedings to file in said district court, but was unable to obtain the same.    *   *   *    That as soon as she possibly could procure a transcript from said county judge she did so, and handed the same to the clerk of the district court.    *   *   *    That on account of the refusal of said county judge to make and deliver to her the said transcript, she was unable to file the same within the sixty days allowed by law," etc.    This court, by the present chief justice, in the opinion, say: " It is also stated that at the May term of 1881 of said court, said appeal was dismissed because the transcript was not filed within sixty days.    Two affidavits are also filed in support of said petition.    The questoin to be determined is, did the district court err in reinstating the appeal?   The petition and affidavits show diligence on the part of the applicant, and that she made every effort to perfect the appeal within the time limited by statute, but was prevented by the negligence or failure to perform his duty of the county judge. The case, therefore, falls within the rule laid down in *Dobson v. Dobson*, 7 Neb., 296, and is sufficient to entitle the party to an appeal."

In the case at bar the transcript of the condemnation proceedings was not filed in the district court within the sixty days provided by law.    It appears from the affidavit of P. J. Dempster, attorney for plaintiff in error, that some effort was made by him to comply with the law in that respect, and this brings us to the real question upon which the case must turn.    Did the plaintiff use due diligence, and was he prevented from complying with the law and perfecting his appeal in time by the negligence or fault of some officer of the law?

The evidence upon this point before the district court and before this, consists of the affidavit of Mr. Dempster above referred to, and that of L. H. Kent, county judge, both of which I here copy.

" P. J. Dempster, being first duly sworn, deposes and

says that he is the duly authorized agent of James S. Gifford, the plaintiff in this case. That on or about July 9, 1885, I wrote to L. H. Kent, county judge of said county, and ordered transcript of all records made by him in the above mentioned proceedings, and also requested him to deliver or send said transcript to J. A. Piper, clerk of district court of Harlan county. That on or about July 14, 1885, I sent the petition filed herein to J. A. Piper, clerk of district court of said county, to be filed with the transcript of proceedings had before the county judge in the premises, supposing that said transcript had been previously delivered, as requested, by the county judge, and knew no better until a few days later, when I was informed by said clerk of district court that no transcript had been delivered to him."

" L. H. Kent, being duly sworn on oath, says that he is the identical L. H. Kent who is county judge of Harlan county. That on or about July 9, 1885, P. J. Dempster mailed to me three notices of appeal on the awards made by the commissioners for the right of way of the Republican Valley and Kansas Railroad Co. over the land of J. S. Gifford, in Harlan county, Nebraska. That I am unable to find the letter of said P. J. Dempster, which was in the same envelope with the notices of appeal. That in said letter said Dempster asked me if a bond was necessary in taking the appeal. That I have no knowledge of said Dempster requesting a transcript of said proceedings. That I supposed that when I had the commissioners' award recorded in the clerk's office that that was a sufficient transcript. That I delivered said award to J. A. Piper, county clerk, or his deputy, for record. That no one ever came to me, or made a personal request of me for any further transcript than the awards which I gave to Piper for record, until September 29, 1885. That no one ever tendered or paid me any fees for any transcript whatever."

It will be seen by an examination of Mr. Dempster's af-

35

fidavit that it falls far short of bringing the case within the facts or reason of the case of *Railroad v. McPherson, supra.* There the appellant had applied more than once to the county judge for a transcript, and tendered him his fees therefor, and had been deprived of her appeal in time by the unlawful refusal or negligence of the county judge to furnish the transcript. She had placed herself in a position to demand the service of the county judge as a matter of law and of right. That she was deprived of them was the fault of the constituted authority, and was traceable to no laches on her part. In the case at bar the plaintiff, according to the affidavit, ordered a transcript by letter and requested the county judge to deliver or send it to the clerk of the district court. This was not a service which in any event or upon any demand and tender of fees would become due to the plaintiff, or to any party from the county judge. It was not demanded as a matter of law or of right, but requested doubtless as a matter of favor or courtesy. Had this service been performed by the county judge as requested, so far as delivering or sending the transcript to the clerk of the district court was concerned, he would have done it only as the friend or agent of the plaintiff or of his attorney, and not in his official capacity as county judge, and so his failure or neglect in that regard is the failure or negligence of the plaintiff.

I come to the conclusion, therefore, that the essential act by which an appeal, in cases of this kind may be taken, and the right preserved is the filing of a transcript in the district court. And that not having been done in this case within the time limited by statute, nor sufficient cause shown for such failure without laches on the part of the appellant, the appeal was rightly dismissed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

The other judges concur.