STATE, EX REL. JACOB KATELMAN, APPELLEE, V. ROBERT O.
     FINK, TREASURER, ET AL., APPELLANTS.

FILED APRIL 13, 1909.   No. 15,606.

**Eminent Domain:** AWARD OF DAMAGES: OFFSET. In condemnation
     proceedings had under section 7478, Ann. St. 1903, the award of
     damages by the appraisers, if confirmed by the mayor and council,
     and not appealed from, is final and conclusive on all who had
     notice of and were parties to the condemnation proceedings. If
     the city appropriating the property has a lien thereon for special
     assessments and fails or neglects to have such lien established
     by the appraisers, it cannot after the time for appeal has expired
     offset the amount of its lien against warrants issued to the prop-
     erty owner for the damage awarded him by reason of the taking
     of his property.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Affirmed.*

*Harry E. Burnam, I. J. Dunn* and *John A. Rine,* for
appellants.

*Will H. Thompson, contra.*

GOOD, C.

This is a mandamus proceeding brought by Jacob
Katelman, the relator, to compel the city of Omaha and
its treasurer to pay in full certain special fund warrants
issued to him by said city. The relator had judgment,
and respondents have appealed.

The pertinent facts disclosed by the record are that
in October, 1904, the city of Omaha passed an ordinance
declaring the necessity of appropriating certain real es-
tate, including lot 14, in block 16, College Place addition
to the city of Omaha, and part of the adjacent vacated
alley, for park and boulevard purposes. Said lot and a
part of the vacated alley on the north thereof was owned
by the relator. Freeholders were appointed to assess the
damage to the owners of the property and parties inter-

ested therein, respectively, taken by such appropriation, who made their appraisement and reported the same to the mayor and city council on February 25, 1905, and, on the 7th of March following, said report was approved by the mayor and council. The city of Omaha had previously levied special assessments against said lot, which, though not delinquent, were unpaid, and constituted a lien on the lot at the time condemnation proceedings were instituted and when the appraisers' report was approved and confirmed. The freeholders in their appraisement and report named the relator as the owner of the lot, found there was no mortgage thereon, and that there were taxes which will be due and unpaid to the amount of $13.52, and fixed the value of the lot at $3,000. No mention in the report was made of the special assessments, which amounted to about $200. The report of the appraisers was confirmed, and warrants for the sum of $3,000 were drawn against the special fund created for payment of property taken, and delivered to the relator, who presented them for payment, and for want of funds on hand, at the time, the warrants were registered. Afterwards, when funds were available for the payment of the warrants, payment was demanded by relator. The city refused to pay the warrants in full and asserted the right to deduct the amount of the special assessments.

The law under which the condemnation proceedings were had is section 7478, Ann. St. 1903, and, so far as material to this inquiry, is as follows: "Whenever it shall become necessary to appropriate private property for the use of the city for * * * boulevards, * * * and such appropriation shall be declared necessary by ordinance, the mayor, with the approval of the council, shall appoint three disinterested freeholders of the city, who after being duly sworn to perform the duties of their appointment with fidelity and impartiality, and after reasonable notice to the owners and parties interested in said property, shall assess the damages to the owners of the property and parties interested therein, respectively,

taken by such appropriation.  Such assessment shall be reported to the advisory board, * * * and said board, after examination, shall submit the same with its recommendations to the mayor and council for confirmation, and if the same shall be confirmed, the damages so assessed shall be paid to the owners of such property, or deposited with the city treasurer subject to the order of such owners, respectively, after which such property may at any time be taken for the use of the city."  Respondents contend that, under this law, it was the duty of the appraisers to ascertain and appraise the value of the land taken, but that they were not required to ascertain or set forth in their report the items of liens upon the lands appropriated, and they were not required to apportion the value of the land to the various persons who might have an interest therein or liens thereon, and that the effect of the appraisement and a confirmation thereof was to transfer the title of the land to the city and divest all who were parties to the proceeding of any title, interest in, or lien upon the land appropriated.  They further contend that the condemnation money representing the value of the land stands in lieu thereof, and all liens against the land were transferred to and became liens upon the fund in lieu of the land.

Upon the other hand, the relator contends that, under this section of the statute, it was the duty of the appraisers to ascertain the amount and extent of damages suffered by each person having an interest in or lien upon the land, and that the total value of the land taken should be apportioned among the various persons having an interest in or lien upon the land; that the confirmation of the appraiser's report is a final adjudication of all the rights of all persons and parties interested in the lot who had notice and who were parties to the condemnation proceeding, unless an appeal was prosecuted from the award of the appraisers as provided by the statute.  It is conceded that the city of Omaha and its treasurer had notice of and were parties to the condemnation proceed-

ing, and that no appeal was taken from the award. Relator contends that under the circumstances the award had become final, and he is entitled to the total amount thereof, less the $13.52 general tax mentioned in the appraiser's report.

The determination of this appeal rests upon the construction to be placed upon said section 7478. If it was the duty of the appraisers to ascertain the amount of the damage that would be sustained by each person having an interest in or a lien upon the land appropriated, it would follow that the report of the appraisers that relator was entitled to $3,000, less $13.52 for general tax unpaid, was the ascertainment of his damage by reason of taking the lot in question, and that, as there was no finding of a lien for the city for special assessments, it was equivalent to a finding that the city had no lien upon the lot. Section 7479, which follows the above quoted section, provides for an appeal from the assessment of damages to the district court of the county within 30 days after the assessment, and further provides that the remedy by appeal shall be deemed and held to be exclusive. The statute provides for reasonable notice of the proposed assessment of damages to the owners and parties interested in the property, and that the appraisers shall assess the damages to the owners of the property and parties interested therein, respectively. In *Gerrard v. Omaha, N. & B. H. R. Co.*, 14 Neb. 270, it is said: "The railroad company acquires merely the right of way possessed by the parties to the proceedings. It is therefore its duty to bring in all parties having an interest in the estate in order that the condemnation money may be properly applied." In *Dodge v. Omaha & S. W. R. Co.*, 20 Neb. 276, it is said: "The responsibility of making all persons entitled to the fund parties to the action rests with it, and it acts at its own peril when it fails to make interested persons, whose interests are shown by record, parties to the proceeding, in order that they may assert their right to the fund paid in." This court has also in-

timated that the right of ownership or the question as to who is the owner of property condemned could be raised upon appeal. See *Dietrichs v. Lincoln & N. W. R. Co.,* 12 Neb. 225; *Republican Valley R. Co. v. Hayes,* 13 Neb. 489. In *Burlington & M. R. R. Co. v. Schluntz,* 14 Neb. 424, it was held that an appeal in condemnation proceedings brought to the district court for decision precisely the same questions that were covered by the award, and none other. In *Omaha B. & T. R. Co. v. Reed,* 69 Neb. 514, and cases there cited, it is held that a mortgagee of land taken under the right of eminent domain has the right to an independent appeal and to have the money paid as compensation applied upon his claim. From a consideration of the provisions of the statute above quoted, it would seem clear that it was the intention of the legislature to make it the duty of the appraisers to assess the damages to each and all of those interested in the premises, and to apportion the value of the property appropriated among all those having an interest therein according to their respective interest. If this were not the case, we see no reason for making all persons interested in the lot parties to the proceeding, nor why the right of appeal should be conferred upon other parties than the owners of the fee. From the holdings of the court above referred to, it is apparent that the right of lienors may be determined upon the appeal, and that they may have judgment for the amount of their liens. It would scarcely be contended that such a judgment could be rendered on appeal unless such findings should have been made and reported by the appraisers, for it is elementary that nothing can be heard upon the appeal that could not properly have been determined by the board or court from which the appeal is taken. Our views are strengthened in this respect by the further fact that the right of appeal is made the exclusive remedy of those interested, and that no other method is provided by the statute for apportioning the value of the property taken among the various persons having an interest in or lien

thereon. The respondents have placed the same construction upon the statute, for it appears that in this condemnation proceeding the appraisers in the appraisal of other property did determine and award to different persons having an interest in the property and liens thereon the exact amount of their interest and liens. While this fact is not conclusive, it is at least persuasive.

Respondents contend that the report of the appraisers is final only as to the value of the land appropriated, and that it is not final nor conclusive as to the respective interests of the different parties who have an interest or lien in the property. This view seems to obtain in New York. *Carpenter v. City of New York,* 44 App. Div. (N. Y.) 230; *Matter of Board of Education,* 59 App. Div. (N. Y.) 258. The cases from New York arose from condemnation proceedings by New York City. The statute there apparently contemplates that an action may be maintained against the mayor by any person interested in the property for his proportionate share of condemnation money. The reverse is true in this state. The only remedy afforded is by appeal. For this reason, we do not regard the New York cases as in point.

Respondents urge that the appropriation of the land divests the lien of the city and transfers it to the condemnation money, and therefore the city has a lien on the fund so long as it has not been paid to the relator. It is undoubtedly true that the condemnation proceeding divests the lien of all persons who are parties to the proceeding and transfers all liens existing upon the property to the fund provided for the payment of land which stands in lieu thereof. *Dodge v. Omaha & S. W. R. Co.,* 20 Neb. 276. But the lienor must protect his lien in the manner provided by law, and that is to have it ascertained and declared by the appraisers, and, if he fails or refuses to establish his lien, he must appeal from the award. The statute afforded the city ample opportunity to protect its lien. It might have had the award provide for its payment out of the damages awarded for the taking

of the land. It had a right to refuse to confirm the award of the appraisers if its lien was not protected. The city neglected to have its lien ascertained and its damages assessed by appraisers. It confirmed their report and award. No appeal was taken from the award, and, in our opinion, it has become final. While the city undoubtedly had the right to have the special assessments declared a lien upon the condemnation money, it neglected to do so, and, by its confirmation of the appraiser's report and its failure to appeal, its right to assert the lien has been extinguished.

The judgment of the district court is right, and we recommend that it be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.