## HOLT vs. EDMONDSON.

When a party, desiring to appeal, pays the costs, tenders security, and demands an appeal from the Clerk during the Term at which the judgment was rendered, and the appeal be not entered, from the fault of the Clerk, the Court, on application, will order the appeal to be entered *nunc pro tunc.*

Motion to enter an Appeal, in Whitfield Superior Court. Decision by Judge WALKER, at the April Term, 1860.

An action was brought in Whitfield Superior Court, in the name of the Central Bank of Georgia, for the use of James Edmondson, against Robert A. Holt, as endorser on a note, payable at the Central Bank, and negotiated in the same.

The case was tried at the October Term, 1859, and a verdict rendered in favor of the defendant.

During the same term, and immediately after the rendition of the verdict, James Edmondson, for whose sole use and benefit the action was brought and prosecuted, went to the Clerk and paid the costs of said case, and tendered as his security on the appeal, Mr. Chapley B. Wellborn, who was unquestionably good, and who in the presence of the Clerk, agreed to go Edmondson's security on the appeal.   When the appeal was demanded, the Clerk did not then

---

AMENDMENT OF APPEAL PAPERS.   "This general law in regard to amendments pervades our entire system of jurisprudence, and will be applied to all appeal papers where the party in good faith enters an appeal though irregularly, and no harm has resulted to the other party.   1 Kelly, 275; 9 Ga. 405, 205; 11 Ga. 39; 18 Ga. 607; 30 Ga. 43; 31 Ga. 357; 38 Ga. 322." Selma, Rome & Dalton R. R. Co. *v.* Gammage, 63 Ga. 607.

DEFECT IN TRANSMITTING APPEAL.   "The third assignment of error was, that there was no proper certificate by the magistrate that the appellant had, in the proper time, paid the costs and given bond, as required by law.   Had there been any defect in transmitting the appeal up to the superior court, the same could have been corrected, provided the party appealing had done all which the law required of him.   It was not, therefore, any good ground upon which to have dismissed the appeal." 11 Ga. 39; 31 Ib. 358; 63 Ib. 496." Pearce & Renfroe *v.* Renfroe Brothers, 68 Ga. 195 (3).

have time to make out the appeal-bond on the minutes, so that Edmondson and his security could sign the same, and it was agreed and arranged between the Clerk, Edmondson and Wellborn, that the appeal-bond should be made out, and Wellborn's attention should be called thereto, in due time, and that the clerk, or Wellborn either, might sign Edmondson's name to the appeal-bond. With this understanding and assurance, Edmondson left the Court, and went to his home in another county, and his only counsel in the case, Col. William K. Moore, had leave of absence from the Court to attend the session of the General Assembly, he being Senator from the county of Whitfield.

The principal clerk was not able to transact business, from the adjournment of the Court until his death, a few months thereafter, and the appeal was not entered.

Mr. Wellborn lived in the same town with the Clerk, and was ready at any time to sign the bond, but his attention was not called to the matter at all.

Upon this state of facts, verified under a regular motion for that purpose, the presiding judge passed the following order, to wit:

"Ordered, that upon bond being given for the payment of the eventual condemnation money, in terms of the law, the Clerk be directed to enter the said case on the appeal docket, and that the cause proceed to trial on the appeal."

The decision of the judge passing this order is the error assigned in this case.

AKIN & McCUTCHEON, by Jackson, for the plaintiff in error.

W. K. MOORE, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The appeal was properly allowed. The party against whom the verdict and judgment was rendered, went into the clerk's office, paid the costs, tendered sufficient security, and demanded an appeal during the same term. This was all the law required of him, and that the appeal was not entered from the neglect of the clerk, is not to prejudice the right of the party entitled to the appeal. This was in

FAILURE TO TRANSMIT APPEAL IN TIME, EFFECT OF. "An appeal from the justice's court, not transmitted to the superior court ten days before the term, nor until the first day of the term, **can not be dismissed for the delay of the magistrate,** it not appearing that the appellant either caused the delay or sanctioned it." Robison *v.* Medlock, 59 Ga. 598, 600.

accordance with the rule prescribed by this Court in *Short vs. Cohen*, 11 *Geo.* 39, and has been steadily adhered to since. Then, when a party, in good faith, desires to appeal, and has done, or offered to do, all the law required of him to appeal, and the appeal be not entered, or improperly so, that in all such cases, the Court, on application, will order the appeal to be entered *nunc pro tunc*.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.