Dobson v. Dobson.

Park G. Dobson, administrator, plaintiff in error, v. Mary Dobson, and others, defendants in error.

**Equity Jurisdiction:** appeal. Where a party has been prevented from complying with the legal requisites to obtain an appeal, by the default or absence of the justice or judge of the court in which the cause is pending, and not by any default or laches on his part, the appeal may be taken and perfected after the expiration of the time limited by statute, and such appeal must be treated in the appellate court as though it had been taken within the time prescribed by law.

Error to the district court for Seward county. Tried below before Post, J.

*Norval Brothers* and *Lowley & Leese*, for plaintiff in error.

The court will observe that the accident or surprise of which we complain, took place after the term when the trial at law was had, and of course, after the power of the court who tried the cause had terminated. The county court could have granted a new trial within ten days by granting an appeal, but after that time it had no power to relieve. In general, when it is proper for a court of law to grant a new trial, if the application is made while that court has such power, it is equally proper for a court of equity to do so, if the application be made on grounds arising after the court at law has ceased to have power. Hilliard on New Trials, 588, note a. *Colyer v. Langford*, 1 A. K. Marshall, 174. *Horn v. Queen*, 4 Neb., 108. *Hoskins v. Hattenback*, 14 Iowa, 314. *Phelps v. Peabody*, 7 Cal., 50. The law will protect an individual who, in the prosecution of a right, has done all that the law requires him to do, but fails to attain his right by reason of the neglect or misconduct of a public officer. *Smiley v. Sampson*, 1 Neb.,

83. *Lytle v. Arkansas*, 9 How., 333.   Id., 22 How., 193.

*McKillip & Page*, for defendants in error

In cases where time to appeal is limited by statute the appellate court is not authorized to extend the time for appealing, though the delay is fully excused. *Stone v Morgan*, 10 Paige, 615, and cases cited. A party will not be aided by a court of equity after a trial at law, unless he can impeach the justice of the verdict, or report, by facts, or on grounds of which he could not have availed himself before, or was prevented from doing it by fraud or accident, or by the act of the opposite party without any prejudice or fault on his part. *Duncan v. Lyon*, 3 John, Ch. 351–6. We submit that there is *laches* on the part of the plaintiff—*First*, In not using diligence to ascertain the decision complained of before the judge left the state, to-wit, the 12th day of June, 1876. *Second*, In not filing the application for an appeal within the ten days, with the records, which seem to have been accessible, or at the office, which was visited on divers days from the 7th to the 17th. *Third*, In not commencing the action earlier. The court will take notice of the fact that two terms of the district court intervened between the time of the decision complained of and the institution of this action. An attempted appeal was taken to the district court from the county judge's decision, to which motion to dismiss was filed at the November term, 1876, for the reason that the appeal had not been taken in time. At the May term, 1877, the petition was dismissed for that reason. Plaintiff's attorneys then, knowing the point to have been taken that the appeal was irregular, elected to stand upon the question of the regularity of the appeal, otherwise this action should have been brought so as to have been before the

district court at the May term, 1877.   It was not in fact commenced until October, 1877.

GANTT, CH. J.

The plaintiff, as the administrator of the estate of Alexander Dobson, deceased, rendered, under oath, a final account of his administration, to which exceptions were taken by Mary Dobson, one of the heirs of the deceased. On the fourth of June, 1876, a hearing upon the exceptions was had before the county judge, who then took the matter under advisement, and on the seventh, he rendered a decree disallowing about six hundred dollars of the plaintiff's credits, and on the twelfth, he left the county and was temporarily absent until the tenth of August following.

The plaintiff had no knowledge of· the disallowance having been made until after the judge had left the county, and then endeavored to obtain an appeal from this decree to the district court, but by reason of the absence of the judge from the county, he, without any fault or negligence on his part, was prevented from filing his application in writing for an appeal within the time required by the statute.

Upon the return of the judge, the plaintiff filed his application, etc., and caused a transcript of the record and proceedings of the case to be filed in the district court, which appeal, so taken and filed in the district court, was, on motion of the defendants, dismissed for the reason that the appeal was not taken within the ten days required by the statute.   These facts are all admitted by general demurrer to plaintiff's petition.   The demurrer was sustained in the court below and the cause dismissed. The plaintiff asks in his petition a new trial, or such relief as in equity he is entitled to.

It was strongly urged in the argument for plaintiff

that the decree of the county court should be vacated and a new trial granted. As a general rule, equity will grant á new trial in cases of newly discovered evidence, surprise, fraud, or when a party from some unavoidable circumstance, and without any laches or want of reasonable diligence on his part, is deprived of the means of defense; but the case at bar is not one of this sort. It is one in which the party, not by any default or laches on his part, but by reason of the absence of the officer, was deprived of his appeal within the time required by statute. In such case, we think the proper course is to have the appeal entered and treated in the appellate court as though it had been taken within the time prescribed by statute. The maxim is, *actus curiae neminem gravabit.*

In *Clapp v. Graves*, West. L. Monthly, Nov. No., 1859, the party applied for an order for appeal at the proper time, but the court did not announce its decision until the time had passed. A motion to vacate the order was denied. Daley, J., said: "It is a general rule, when an act is to be done within a certain time, in which the concurrence of the court is necessary, and the party has done all that he is required to do to obtain the decision of the court, he is not to suffer by the court's delay."

In *Pearson v. Rawlings*, 1 East., 405, Lord Kenyon said that, "it is by no means unusual to make entries of judicial acts *nunc pro tunc* by leave of court"; and Powell, in his work on Appellate Proceedings (p. 420), observes that if the court below refuse to make such entry in a proper case "the appellate court would treat the case as though it had been done."

In *Louderback v. Boyd*, 1 Ash., 380, it is held that where a party has been prevented from complying with the legal requirements to obtain an appeal by the conduct or default of the justice, the appeal may be made after the expiration of the time required by the statute

and the transcript be filed after the term. *Noble v. Houk*, 16 S. & R., 421.

The law will not permit the plaintiff to be prejudiced in his rights by reason of the absence of the judge. It gives him ten days within which to take his appeal; but by reason of the absence of the judge he was prevented from obtaining his appeal within that time. He was entitled to do this after the return of the judge. Therefore, the decree of the court below in this case is reversed; plaintiff's appeal taken from the decree of the county court and dismissed by the district court at the May term, 1877, must be reinstated and the case be proceeded in to trial, with the same effect in all respects as though the appeal had been taken and completed within the time required by the statute.

DECREE ACCORDINGLY.