LINCOLN BRICK & TILE WORKS V. CYRUS M. HALL.

[FILED NOVEMBER 20, 1889.]

**Appeal:** TRANSCRIPT: FAILURE TO FILE IN TIME.    Section 1011 of the Code requires the filing of a transcript from the judgment of a justice of the peace "within thirty days next following the rendition of said judgment." The fact that the transcript, after being received at the office of the attorney for the appellant, is laid aside by the person in charge of the office who did not know its character, and that it was not discovered till too late to file within the time limited, is unavailing to effect an appeal.    The appellant, unless unable to procure a transcript from the justice, must see that it is filed as required by statute.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*P. O. Cassidy,* for plaintiff in error:

The right to be heard in defense of the issues between the parties is not a jurisdictional one, and the fact that the appellee may have the case dismissed on motion, shows that if such motion were not filed the court would have jurisdiction, all that is necessary to give the latter being a proper showing of diligence (*Slaven v. Hellman,* 24 Neb., 646; *Converse Cattle Co. v. Campbell,* 25 Id., 37); and such showing was made in this case.    Section 1011 of the Code is not mandatory, but leaves the court a legal discretion, in furtherance of justice, to grant appellants the right to be heard. (*Ordway v. Suchard,* 31 Ia., 481; *Burley v. Millard,* 11 Neb., 286; *Whereatt v. Ellis,* 35 N. W. Rep. [Wis.], 314; *Blair v. Mfg. Co.,* 7 Neb., 146; *Haggerty v. Walker,* 21 Id., 596; *O'Dea v. Washington Co.,* 3 Id., 118; *Mills v. Miller,* Id., 95; *Clutz v. Carter,* 12 Neb., 113; *Jean v. Hennessy,* 37 N. W. Rep. [Ia.], 771.)

*Selleck & Lane,* for defendant in error:

There was no motion below for a new trial as is required

in proceedings in error. (*Midland Pacific R. Co. v. Mc-Cartney*, 1 Neb., 398, cited and followed in almost every subsequent volume of reports.) The question presented below was a jurisdictional one, sec. 1011 of the Code is mandatory, and the court below could have done nothing but sustain the motion to quash. (*Verges v. Roush*, 1 Neb., 113; *Nuckolls v. Irwin*, 2 Id., 65; *Glore v. Hare*, 4 Id., 131; *Fox v. Meacham*, 6 Id., 530.) Even if the question was not jurisdictional, sound discretion required the ruling which was made, as proper diligence was not shown. (*Roggencamp v. Dobbs*, 15 Neb., 622; *U. P. R. Co. v. Marston*, 22 Id., 722.)

*P. O. Cassidy*, in reply:

The case is not one in which the law contemplates or requires a motion for a new trial. Unlike those cited by counsel for defendant in error, this case was brought on error from a decision of the district court affirming the judgment of a justice of the peace. *Converse Cattle Co. v. Campbell*, and *Slaven v. Hellman supra*, were such cases, and motions for a new trial were not filed therein. The granting of the right to be heard is discretionary. (*Dobson v. Dobson*, 7 Neb., 296; *R. V. R. Co. v. McPherson*, 12 Id., 480.

MAXWELL, J.

This action was commenced by the defendant in error on the 17th day of October, 1888, before a justice of the peace to recover of the plaintiff in error the sum of $59, alleged to be due to said defendant in error for the board of one Wm. Armstrong, which, as was alleged, the defendant in error agreed to pay. On the 24th day of October a trial of the issues was had before the justice, which resulted in a judgment in favor of the defendant in error and against the plaintiff for the sum of $69.40 damages and $3.95 costs.

Afterwards on the 26th day of October, 1888, the plaintiff filed with said justice an appeal bond, which was duly approved.   On the 26th day of November, 1888, the plaintiff filed the transcript in the office of the clerk of the district court of Lancaster county.   On the 17th day of January, 1889, the defendant filed in the office of the clerk of the said district court his motion to enter up a judgment in the district court similar to the judgment in the justice's court, for the reason that the appellant had failed to perfect its appeal, by filing in the district court a transcript of the proceedings of the justice of the peace within the time allowed by statute, to-wit, thirty days after the judgment was rendered.   On the 4th day of February, 1889, the plaintiffs filed in the district court their answer and affidavits resisting the motion for judgment.   On the 23d day of February, 1889, the case came on for hearing on the motion for judgment, and the answer and affidavits, and the motion was sustained.

The affidavits on behalf of plaintiff in error to excuse the delay in filing the transcript state, in substance, that after the transcript was received from the justice it was laid aside by a young man in the office of the attorney of the plaintiff in error, and when discovered it was too late to file it within thirty days from the date of the judgment. Is the excuse offered sufficient?   Sec. 1011 of the Code provides: "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, within thirty days next following the rendition of said judgment, the appellee may, at the first term of the district court after the expiration of thirty days, file a transcript of the proceedings of such justice, and the said cause shall, on motion of said appellee, be docketed; and the court is authorized and required, on his application, either to enter up a judgment in his favor similar to that entered by the justice of the peace and for all the costs that have accrued in the court and award exe-

cution thereon, or such court may, with the consent of such appellee, dismiss the appeal at the cost of the appellant, and remand the cause to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken," etc. The requirement of the statute, that the transcript be filed within thirty days, is imperative. There is no condition that, in case the appellant, or any of his employes, be mistaken as to dates and circumstances, therefore he will be relieved from the consequences of his mistake. The appellant must be diligent and file his transcript within the time limited or the appeal will fail. No doubt where due diligence is shown in demanding a transcript and from any cause the trial court delays the delivery of the same for so long a time that it will be impossible to file it within the thirty days, the court will relieve the appellant, because the fault is with the court (*Dobson v.. Dobson*, 7 Neb., 296), but there is no charge of that kind in the case under consideration.

The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.