OMAHA LOAN & TRUST COMPANY, APPELLEE, V. JARED
    B. AYER ET AL., IMPLEADED WITH ALEXANDER
    LILIENCRON ET UX., APPELLANTS.

FILED JANUARY 16, 1894.    No. 5926.

1. **Appeal**: LACHES OF APPELLANT: JURISDICTION. The provision of section 675 of the Code, for the taking of appeals within six months after the date of the decree or final order appealed from, is mandatory, and a compliance therewith essential in order to confer jurisdiction upon this court, unless the failure is in nowise attributable to the laches of the appellant.

2. **Failure to File Transcript for Review**: BILL OF EXCEPTIONS. The fact that the appellant, through no fault or negligence of his own, is unable to procure the allowance of a bill of exceptions within the time allowed for taking an appeal, will not excuse the filing of the transcript required by law within six months after the date of the decree or order appealed from.

3. **Permission to File Petition in Error Upon Dismissal of Appeal**: TIME. The appellant will be permitted to file a petition in error in this court upon the dismissal of his appeal in order to secure a review of the decree appealed from upon exception, provided such proceeding be commenced within one year from the date of such order or decree.

4. The case of *Bazzo v. Wallace*, 16 Neb., 290, distinguished.

MOTION by appellee to dismiss appeal from the district court of Douglas county, and motion by appellants for leave to file a petition in error. *Appeal dismissed. Motion for leave to file petition in error overruled.*

*John P. Breen* and *E. R. Duffie,* for appellants.

*Lake, Hamilton & Maxwell, contra.*

POST, J.

This was an action by the appellee, the Omaha Loan & Trust Company, in the district court of Douglas county

for the foreclosure of a mortgage executed by J. B. Ayer on lots 1, 2, and 3, in block 10, in Rodgers' addition to the city of Omaha. The appellants Alexander Liliencron and wife were made parties defendant, and answered, alleging title to the mortgaged property. They allege further that their co-defendant Ayer, by means of fraud and falsehood, induced them to execute in his name a deed by which they conveyed to him the legal title to said property, and that while holding such legal title he executed the mortgage described in the petition in fraud of their rights. They also charge that the plaintiff accepted said mortgage and made the loan represented thereby with full knowledge of their rights. The reply puts in issue all of the above allegations. On the 6th day of January, 1892, a final decree was rendered in favor of the plaintiff in accordance with the prayer of the petition.

On the 5th day of January, 1893, appellants filed in this court their bill of exceptions and a transcript of the proceedings in the district court, accompanied by a motion in the following language: "And now on this 5th day of January, 1893, the defendant cross-petitioners herein, Alexander Liliencron and Franciska Liliencron, file in this court their transcript of the record and bill of exceptions in this case and reserving the right to make application hereafter to this court to have this whole case reviewed on petition in error, if this court shall deem and decide that this appeal has not been taken in time, they ask that this case may be heard and considered as upon appeal, and shall be heard and determined as though filed in this court within six months from the rendition and filing of the decree herein. In asking this, and as a reason therefor, they refer to the showing on file with their bill of exceptions as to the diligence used in endeavoring to settle their bill of exceptions in the lower court, and the unavoidable delay in having their appeal perfected within the time provided by statute." No action was taken on the above motion, nor

was it called to our attention until the 28th day of June, 1893, on which day a motion was made by appellee to dismiss the appeal on the ground that it was not taken within the time allowed therefor by law. Appellants, it is conceded, show by the affidavits referred to in their motion that they were unable, through no fault or negligence of their own, to procure the allowance of a bill of exceptions until about the time of the filing of the case in this court. That fact will not, however, excuse the failure to file the transcript required by section 675 of the Code, within six months after the date of the decree appealed from.

In *Schuyler v. Hanna*, 28 Neb., 604, it was held that the filing of a transcript of the pleadings and final decree will confer upon this court jurisdiction in cases brought here by appeal; and in *Fitzgerald v. Brandt*, 36 Neb., 683, it was held that the provision of the Code for the taking of appeals in equity causes within six months is mandatory, and a compliance therewith essential to give this court jurisdiction, unless the failure is in nowise attributable to the laches of the appellant. It is not deemed necessary to examine the earlier cases in this court, for whatever authority may be therein found for a different rule the law must be regarded as settled by the cases above cited. The motion to dismiss was accordingly sustained, whereupon the appellants moved for leave to file a petition in error in order to secure a reversal of the decree, on account of errors to be alleged therein. It is provided by section 592 of the Code that "no proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or the making of the final order complained of," etc. By section 584 it is provided that the proceeding to secure a reversal, vacation or modification of a judgment or decree by this court shall be by a pleading entitled "a petition in error," and that "thereupon a summons shall be issued and served, or publication made, as in the commencement of an action." The

Code further provides, section 19, that "an action shall be deemed commenced within the meaning of this title as to the defendant at the date of the summons which is served on him." A summons issued within the time authorized by statute will give the court jurisdiction, although served after the expiration of such period. But in all cases the summons must be issued before the bar of the statute is complete. (*Rogers v. Redick*, 10 Neb., 332; *Baker v. Sloss*, 13 Neb., 230; *Republican Valley R. Co. v. Sayer*, 13 Neb., 280.) The foregoing, like other provisions limiting the time within which appellate proceedings may be instituted, are jurisdictional, and cannot be enlarged by the court. This case is clearly distinguishable from *Bazzo v. Wallace*, 16 Neb., 290. The facts of that case do not clearly appear from the opinion of the court, but it is said therein that "there was a general appearance of the defendant within the year by his attorney entering into an agreement in writing to continue the case." The inference from the above language is that the petition in error, which was essential in order to confer jurisdiction, was on file at the time of the appearance. We do not understand that case to be authority for the proposition that the filing of the transcript and evidence in this court within one year from the date of a final order or decree, will operate to enlarge the time allowed for proceeding by petition in error, and as authority it should be restricted to cases within the facts stated therein. Motion to dismiss appeal sustained. Motion for leave to file petition in error overruled.

JUDGMENT ACCORDINGLY.