AUGUSTINE A. RECORD v. ZERI M. BUTTERS.

FILED NOVEMBER 20, 1894. NO. 7087.

Error Proceedings: FAILURE TO FILE TRANSCRIPT: DISMISSAL. A motion to dismiss an action brought to this court on error must be sustained when the transcript containing the final judgment sought to be vacated was filed in this court after the lapse of a year from the date of said judgment.

MOTION to dismiss proceeding in error on the ground that the transcript was not filed within a year from the rendition of judgment. *Motion sustained.*

*C. H. Bane,* for the motion.

*Allen G. Fisher, contra.*

RYAN, C.

In this case there has been submitted a motion to dismiss for the reasons alleged, which are sustained by the record, that the verdict was returned in March, 1893, on which judgment was rendered on the 7th day of June immediately following, whereas the petition in error and transcript were not filed in this court until July 7, 1894. . Plaintiff seeks to avoid the force of the facts just stated by showing that while judgment was rendered on the 7th day of June, it was at a term which did not end until July 14, 1893. By the provisions of section 592 of the Code it is required that proceedings in this court for the reversal of a judgment of the district court must be commenced within one year after the rendition of the judgment complained of. In *Bemis v. Rogers,* 8 Neb., 149, it was held that an action wherein personal service could be had was not to be deemed commenced until the issue of the summons, afterwards served. This same principle was enforced in *Baker v. Sloss,* 13 Neb., 130, and *Rogers v. Redick,* 10 Neb., 332. By section 586 of the Code of Civil Procedure the plaintiff in error is required to file with his petition a transcript containing the final judgment sought to be reversed. Under section 675 of the same Code it has been held by this court that on appeal the requirement that a transcript be filed in a time fixed was jurisdictional, and that filing after the time fixed could not be waived. (*Moore v. Waterman,* 40 Neb. 498; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb., 891.) The failure to file anything in this court until after the lapse of one year from the rendition of the judgment complained of deprives this court of jurisdiction to review the judgment upon a transcript filed afterwards. It is sought to avoid this result by challenging attention to an

order made July 3, 1894, overruling a motion for a new trial made by the plaintiff in error. It appears that this motion was founded upon the statement therein that it appeared of record in this case of replevin that the right of possession of the defendant on the trial of this case was based upon a judgment recovered in another cause, wherein Luke S. Otis was plaintiff and Zeri M. Butters was defendant, which judgment has since its use as evidence been reversed. It was urged by plaintiff in this case that said judgment could not, after the last motion for a new trial was filed, be made use of as evidence, *ergo* it was improperly admitted; therefore, the motion for a new trial, overruled July 3, 1894, was filed to present this question. Within three days after the rendition of judgment, originally, there had been filed a motion for a new trial, which in due time was overruled, wherefore the district court properly overruled the last motion filed about a year or more afterward. The motion to dismiss plaintiff's action in this court should be sustained.

DISMISSED.