CONTINENTAL BUILDING & LOAN ASSOCIATION OF KAN-
SAS CITY, MISSOURI, APPELLANT, V. WARD S.
MILLS ET AL., APPELLEES.

FILED MARCH 5, 1895.    No. 7478.

Appeal: FAILURE OF CLERK TO MAKE TRANSCRIPT: EFFECT.
Where a party free from fault or laches is prevented from hav-
ing his appeal docketed in the appellate court within the statu-
tory period solely through the neglect or failure of the proper
officer to prepare the transcript of the proceedings, the law will
not permit him thereby to be deprived of his appeal.

MOTION by appellees to dismiss appeal from a decree of
the district court of Lancaster county on the ground that
the cause was not docketed in the supreme court within six
months from rendition of judgment. Appellant resisted
the motion on the ground that the delay in docketing the
appeal resulted solely from the failure of the clerk below
to prepare a transcript. *Motion overruled.*

*Mockett, Rainbolt & Polk,* for the motion.

*Stevens, Love & Cochran, contra.*

NORVAL, C. J.

This was an action to foreclose a real estate mortgage.
One of the defenses was that the loan was tainted with the
vice of usury. The issues were tried on June 30, 1894.
The defense of usury was sustained and a decree of foreclos-
ure was entered. The plaintiff appeals, the transcript being
filed in this court January 16, 1895. The cause is sub-
mitted upon the motion of the appellees to dismiss the ap-
peal, for the reason the same was not docketed in this court
within six months after the entry of the decree.

The statute governing appeals to this court in actions in
equity (section 675 of the Code) provides: "The party ap-

pealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court, * * * and have the said cause properly docketed in the supreme court; and on failing thereof, the judgment or decree rendered or final order made in the district court shall stand and be proceeded in as if no appeal had been taken." It is the established doctrine in this, as well as other states, that the provision of a statute limiting the time within which appeals must be taken is jurisdictional in its nature, and that the courts cannot ordinarily enlarge or extend the time for perfecting an appeal. (*Verges v. Roush*, 1 Neb., 113; *Glore v. Hare*, 4 Neb., 131; *Gifford v. Republican V. & K. R. Co.*, 20 Neb., 538; *Lincoln Brick & Tile Works v. Hall*, 27 Neb., 874; *Miller v. Camp*, 28 Neb., 412; *Fitzgerald v. Brandt*, 36 Neb., 683; *Omaha Loan & Trust Co. v. Ayer*, 38 Neb., 891; *Moore v. Waterman*, 40 Neb., 498; *Record v. Butters*, 42 Neb., 786.)

In the case at bar the evidence introduced on the hearing of the motion conclusively shows that counsel for appellant, on the 13th day of December, 1894, requested the clerk of the district court to prepare a transcript of the proceedings in the case, for the purpose of taking an appeal, notifying him at the time that it must be completed so that it could be filed in this court during said month; that the clerk promised to comply with said request and then directed one of the employes in his office to prepare it; but owing to the press of other business he failed and neglected to make the transcript until after the expiration of six months from the date of the decree, although it could have been prepared in less than two days after it was ordered; that an attorney for appellants called again upon the clerk of the district court on December 30, and demanded the transcript, and was informed that the order for the same

had been overlooked. It also appears that appellant has not been guilty of any laches, but as soon as the transcript was completed it was filed in this court, and also that the appeal has not been taken for delay.

The proposition presented for our consideration is whether, in the light of the adjudications in this state cited above, a party who, without any fault or negligence on his part, is prevented by the act or neglect of the clerk of the trial court from perfecting an appeal within the time limited by law, can be relieved by the court from the operation of the statute? In other words, must the provison of the law fixing the time for taking appeals be enforced in all cases as it is written, even though the delay is caused alone by the neglect and omission of the clerk of the trial court to make in proper time a transcript of the record? We do not think that the decisions already mentioned are decisive of the question, or if adhered to would deprive the plaintiff in this case of an appeal. In each of the cases to which reference has been made the appellant was not diligent in prosecuting his appeal, and the delay in docketing the same was not attributable to any action or want of action on the part of the appellees, or the trial court, or any officer thereof; but that the failure to file the appeal in the time limited by statute was the appellant's fault. Doubtless, the court cannot aid a party in fault or relieve him of the consequences of his own negligence. *Gifford v. Republican V. & K. R. Co., Miller v. Camp, Lincoln Brick & Tile Works v. Hall, Fitzgerald v. Brandt,* and *Omaha Loan & Trust Co. v. Ayer, supra,* expressly recognize the principle that a party will not be deprived of an appeal when it clearly appears that the failure to perfect the same in time is not attributable to his own laches or negligence, but is occasioned by the default of the trial court or its officers. Thus, in *Lincoln Brick & Tile Works v. Hall, supra,* the court, in construing section 1011 of the Code governing appeals from judgments before justices of

the peace, uses this language: "No doubt where due dili-
gence is shown in demanding a transcript, and from any
cause the trial court delays the delivery of the same for so
long a time that it will be impossible to file it within the
thirty days, the court will relieve the appellant, because the
fault is with the court." Judge Elliott, in his valuable
work on Appellate Procedure, at section 112, uses this lan-
guage: "The rule that the court cannot enlarge the time
for taking an appeal must be regarded as established, but
the court may, nevertheless, relieve a party in the proper
case against fraud or accident. In relieving a party against
fraud or accident the court does not extend the time for
taking the appeal by breaking down the provisions of the
statute limiting the time within which appeals must .be
taken. The principle applied is a familiar one, for it is
very often applied to the statute of frauds and to the gen-
eral statute of limitations. The fraud of a party will pre-
vent him from taking advantage of either of the statutes
named, and so it will in cases where the statute limits the
time for taking appeals." And the learned author at sec-
tion 117 observes: "It is said in general terms by the au-
thorities to which we have referred, and by many more,
that the time for taking an appeal cannot be extended by
agreement or by order of the court, but, as we have
shown, this rule, general and firmly settled as it is, does not
always preclude an appeal, and to the instances upon which
it does not fully operate we add another of a different na-
ture. Where the time is lost without the fault of the
party, and solely by reason of the action or non-action of the
court, the statute does not operate, because the loss of time
is not attributable to the acts of the parties. The rule that
the delay or wrong of the court shall not prejudice a party
rests upon the maxim, 'An act of the court shall prejudice
no man.' Where, however, the fault of the party concurs
with that of the court, the maxim will not prevail to save
an appeal not taken within the time fixed by law." The

text is sustained by the decisions of the courts of other states. (*Fox v. Fields*, 12 Heisk. [Tenn.], 31; *Craddick v. Pritchett*, Peck [Tenn.], 17; *Holt v. Edmondson*, 31 Ga., 357; *Moyer v. Strahl*, 10 Wis., 74; *Laymance v. Laymance*, 15 Lea [Tenn.], 476; *Smythe v. Boswell*, 117 Ind., 365.)

The general doctrine above stated has been asserted and enforced in this court more than once. In *Dobson v. Dobson*, 7 Neb., 296, a party was prevented from taking his appeal in time by reason of the absence of the county judge from the county, before whom the cause was heard. Upon the return of the judge the transcript was made out and filed in the district court, and on motion of the appellee the appeal was dismissed for the reason the same was not taken within the time required by statute. This court reinstated the appeal. In the syllabus it is stated: "Where a party has been prevented from complying with the legal requisites to obtain an appeal, by the default or absence of the justice or judge of the court in which the cause is pending, and not by any default or laches on his part, the appeal may be taken and perfected after the expiration of the time limited by statute, and such appeal must be treated in the appellate court as though it had been taken within the time prescribed by law."

*Republican V. R. Co. v. McPherson*, 12 Neb., 480, is quite in point. There certain real estate has been condemned by the railroad company for its right of way and the damages sustained by reason thereof were assessed by the commissioners appointed by the county judge for that purpose. At various times within sixty days after the filing of the award of the commissioners with the county judge the land-owner notified said judge of her intention to prosecute an appeal to the district court, and she tendered him the fees and demanded a transcript of the proceedings, but the county judge neglected and refused to furnish such transcript until after the expiration of the sixty days limited

by law for perfecting the appeal. As soon as the transcript was procured it was filed with the clerk of the district court. The appeal was dismissed for the reason that it was not filed in time, and subsequently it was reinstated by the district court. On review of the case, this court said : " The petition and affidavits show diligence on the part of the appellant, and that she made every effort to perfect the appeal within the time limited by statute, but was prevented by the negligence, or failure to perform his duty, of the county judge. The case therefore falls within the rule laid down in *Dobson v. Dobson*, 7 Neb., 296, and is sufficient to entitle the party to an appeal."

In *Parker v. Kuhn*, 19 Neb., 396, it is said: " It is a well established rule that where an individual in the prosecution of a right does every thing which the law requires him to do, and he fails to attain his right by the neglect or misconduct of a public officer, the law will protect him."

The case of *Cheney v. Buckmaster*, 29 Neb., 420, was this: On September 4, 1888, judgment was rendered against the plaintiffs in error in the county court, and within four days thereafter they filed an appeal bond, which was approved, and demanded a transcript for the purpose of taking an appeal. The judge failed and neglected to make out a transcript until October 11, on which date it was filed in the district court, and the appeal was docketed. The failure to perfect the appeal in proper time was without any fault of the appellants, but was caused solely by the failure of the judge to prepare the transcript. The district court, on motion of the appellee, dismissed the appeal on the ground that it was not filed in the district court within thirty days after the rendition of the judgment. This court held that the appeal was erroneously dismissed, and reinstated it. To the same effect is *Omaha Coal, Coke & Lime Co. v. Fay*, 37 Neb., 68, the first paragraph of the syllabus of the opinion in which case is as follows: "A defeated party to an action in the county court, who promptly

orders a transcript of the proceedings to be prepared for the purpose of appealing the case, will not be denied the right of appeal because the county judge fails to prepare the transcript within thirty days after the rendition of judgment."

The same principle running through the above cases was recognized in *Bickel v. Dutcher*, 35 Neb., 761. It was there decided, overruling *Horn v. Miller*, 20 Neb., 98, that the time within which an appeal may be taken from the district court to this court begins to run when the clerk spreads the decree upon the court journal, and not from the announcement of the decision by the court.

A party who has not been negligent cannot be deprived of an appeal to this court either by the failure or refusal of the clerk to enter the decree upon the records of the court within six months after it was pronounced, or for the neglect of such clerk to make a transcript of the proceedings in proper time. The record in this case discloses that the omission to docket the appeal in this court within the statutory period was not through any fault of the appellant, but was caused solely by the neglect of the clerk of the district court to prepare and deliver to it a transcript of the proceedings when demanded. The law will not permit appellant to be deprived of its appeal. In so holding we do not extend the time fixed by law for taking an appeal, but merely declare that the statute does not operate to the appellant's prejudice, since the loss of time is not attributable to its acts, but is chargeable solely to the neglect or non-action of a public officer whose duty it was to make the transcript. The motion to dismiss the appeal is overruled.

MOTION OVERRULED.