LAURA S. FORBES, APPELLEE, V. EDWARD F. MOREARTY ET AL, APPELLANTS.

FILED APRIL 8, 1898.. No. 8006.

1. Review: FAILURE TO FILE TRANSCRIPT. The filing of a transcript of a judgment in the supreme court later than one year after its rendition confers no jurisdiction to enter a judgment in said appellate court.

2. ———: TRANSCRIPT. The supreme court has no jurisdiction to review an order not embodied in a transcript certified by the clerk of the district court.

APPEAL from the district court of Douglas county. Heard below before WALTON, J. *Appeal dismissed.*

*Edward F. Morearty* and *Albert Swartzlander*, for appellants.

*Wright & Thomas, contra.*

RYAN, C.

In the record in this case we find the pleadings, a decree of foreclosure, and a supersedeas bond, but nothing else purporting to be a part of a transcript of the proceedings in the district court of Douglas county. There is likewise a bill of exceptions in which there are embodied a motion for an order for a writ of assistance, an affidavit in support of said motion, and certain orders made with respect to said motion. There is no certificate of the clerk of the district court identifying such motion and orders as a part of the record of the proceedings of said court. In appellant's brief complaint is made of the order granting a writ of assistance and of no other order or judgment.

It is required in effect, by the provisions of section 675, Code of Civil Procedure, that to perfect his appeal a party appealing from a final order shall, *inter alia,* procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the district court. In *Moore v. Waterman,* 40 Neb. 498, a compliance with the above requirement was held essential to confer jurisdiction upon this court. (See also *Hoagland v. Van Etten,* 23 Neb. 462; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891; *Record v. Butters,* 42 Neb. 786; *School District v. Cooper,* 44 Neb. 714; *Martin v. Fillmore County,* 44 Neb. 719; *McDonald v. Grabow,* 46 Neb. 406; *Otis v. Butters,* 46 Neb. 492; *Felber v. Gooding,* 47 Neb. 38; *Romberg v. Fokken,* 47 Neb. 198; *Union P. R. Co. v. Kinney,* 47 Neb. 393.) The decree in this case was entered in the district court November 28, 1893, and a transcript thereof was not filed in this court until September 21, 1895. This court is, therefore, without

jurisdiction to enter a judgment on this branch of the case, and this appeal is accordingly

DISMISSED.