### 3420.   VERUKI v. SAVANNAH ELECTRIC CO.

Where an appeal was timely entered in a justice's court, and the appeal bond was taken and approved by the justice, who recited that the cost of the appeal had been paid by the appellant, these facts show that the appeal was properly entered; and, where the appeal was timely transmitted by the justice to the clerk of the superior court, the failure of the justice to make a formal entry of filing on the appeal papers, even if the statute required the entry to be made, was not, of itself, sufficient ground for the judge of the superior court to dismiss the appeal.   The appellant, having done everything that the law required of him to entitle him to an appeal, should not be deprived of the right by the failure of the justice to perform the merely formal act of marking the proceedings filed, since they were in fact and in substance actually filed.

DECIDED DECEMBER 19, 1911.

Appeal; from Chatham superior court—Judge Charlton.   March 28, 1911.

*Wilson & Rogers,* for plaintiff in error.

*Osborne & Lawrence, Edmund H. Abrahams,* contra.

HILL, C. J.    This was an appeal from a justice's court to a jury in the .superior court.    When the case was called in the superior court, the plaintiff moved to dismiss the appeal, on the ground that the appeal had never been filed in the office of the justice of the peace, and the court sustained the motion, in the following order: "Upon, motion of the Savannah Electric Company, the foregoing appeal is hereby dismissed; it appearing never to have been filed in the office of the justice of the peace."    To the judgment dismissing the appeal the defendant excepted.

Section 4998 of the Civil Code (1910) provides that "in all civil cases tried and determined by a county judge or a justice of the peace, . . where the sum or property claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court."    Section 5000 requires that appeals shall be "entered within four days after the adjournment of the court in which the judgment was rendered."    The record in this case shows that within the four days allowed for entering an appeal in the justice's court the following proceedings were had in that court:

"Savannah Electric Company *v.* Eli Veruki.    In Justice Van Giesen's Court.    October Term, 1909.    Suit on account.    Judgment for plaintiff.    And now, within the time allowed by law, comes Eli Veruki, and, being dissatisfied with the judgment in the above-stated cause and having paid the costs in said cause, enters this his appeal to a jury in the superior court, and the said Eli Veruki, as principal, and the undersigned, M. K. Jones, as security, hereby acknowledge themselves bound for the eventual condemnation money in said cause.    Witness our hands and seals this twelfth day of October, 1909.    Eli Veruki.    [L. S.]    M. K. Jones. [L. S.]

"Bond approved and all costs paid this October 25, 1909.    F. S. Van Giesen, J. P. 2nd G. M. District, C. C. Ga. [Official Seal.]"

It would seem from this record that the appellant had complied fully with the requirements of the statute, and was entitled to have his appeal entered and transmitted to the superior court of the county.    Having so entered his appeal, paid the costs, and given the appeal bond, there was nothing more for him to do; and

when this had been done the law required the justice of the peace to transmit the same to the clerk of the superior court. Section 5013 of the Civil Code (1910) provides that, "when an appeal from the judgment of a justice of the peace or notary public has been entered, it shall be the duty of such justice of the peace or notary public to transmit the same to the clerk of the superior court of the county in which proceedings may have been had, at least ten days before the next superior court of said county." Nothing is said in the statute about requiring the justice of the peace to formally mark the appeal papers filed in his office. It would seem that the filing could be presumed from the entering of the appeal in the office of the justice of the peace and the approval of the appeal bond by the justice of the peace, with the statement that the costs of the appeal had been paid by the appellant; and when the appeal proceedings made timely appearance in the superior court of the county, it would be fair to presume that the record in the appeal case had been transmitted by the justice of the peace to the clerk of the superior court. It is immaterial how the justice of the peace transmitted the papers. If they were in fact transmitted and got into the possession of the clerk of the superior court in any manner, it was sufficient; and it must be presumed that the justice of the peace did transmit these papers to the clerk of the superior court; the presumption as to all officers, until the contrary appears, being that they have done their official duty.

We know of no law that requires a justice of the peace to mark appeal papers as filed in his office. If all of those things are done by the appellant which the statute says he shall do to entitle him to an appeal, in our opinion he would be entitled to the appeal, although the justice of the peace had not marked the papers constituting the appeal proceedings as of file in his office. We can not think that the mere failure of the magistrate to make a formal entry of filing, which is purely a ministerial act, should work such an injury to the appellant as to have his appeal dismissed, when the proceedings show that he had complied strictly with all that the law required of him in entering his appeal, in giving his appeal bond, and in paying the costs.

In *Pearce* v. *Renfroe,* 68 *Ga.* 194, it was held to be no cause of dismissal of an appeal that the magistrate did not file the papers

in the office of the clerk of the superior court within the time required by law, or did not send up the judgment rendered by him, or made no proper certificate that the appellant had, within the proper time, paid the costs and given the bond. "When an appellant has done his duty, the mistake of the magistrate may be corrected."

In *Holt* v. *Edmondson,* 31 *Ga.* 357, it was held that when a party, desiring to appeal, pays the costs, tenders security, and demands an appeal from the clerk during the term at which the judgment was rendered, and, through fault of the clerk, the appeal is not entered, the court, on application, will order the appeal to be entered nunc pro tunc. It follows logically from this that if the justice of the peace was required to formally mark the appeal proceedings filed in his office, and he failed to do so, and it appeared that the appeal had nevertheless been entered, and all the requirements of the statute entitling the appellant to appeal had been complied with by him, the justice could be required to mark this entry of filing nunc pro tunc, on the hearing of the appeal in the superior court. The right of appeal is an important right; and, where the appellant has done everything that the statute requires him to do in order to secure this right, it would be a great wrong to deprive him of this right through no fault of his own, but on account of the failure of the justice of the peace to make the formal entry of filing.

For these reasons, we think the learned judge erred in dismissing the appeal because it appeared "never to have been filed in the office of the justice of the peace."

*Judgment reversed.*