[No. 15307.   Department Two.   August 12, 1919.]

*In re* LOCAL IMPROVEMENT DISTRICTS NUMBERS 29 TO 37,
*in the Town of Grandview, Yakima County.*[1]

MUNICIPAL CORPORATIONS (264)—CONFIRMATION OF ASSESSMENTS—
APPEAL—FILING TRANSCRIPT—EXCUSE FOR FAILURE.   While the filing
of a transcript within ten days under Rem. Code, § 7892-22, is a
jurisdictional step in the taking of an appeal from the confirmation
of an assessment roll, it will not work a dismissal of the appeal
where timely demand was made upon the city clerk and the failure
to file the same within time was due to the inability of the clerk to
prepare the transcript.

Appeal from a judgment of the superior court for
Yakima county, Taylor, J., entered January 6, 1919,
dismissing an appeal from a city council's confirmation
of a local assessment.   Reversed.

*Grady & Shumate,* for appellants.
*Richards & Fontaine,* for respondents.

PARKER, J.—This is an appeal from a judgment of
the superior court for Yakima county, dismissing an
appeal from the levy and confirmation of local assess-
ments by the town council of the town of Grandview.
The town, having created local improvement districts
for the construction of sewers therein, caused an
assessment roll to be prepared, levying the cost of the
improvements against the property claimed by the
town authorities to be benefited thereby.   The assess-
ment roll was, after due notice and hearing thereon,
confirmed by the town council by ordinance, over the
objections of certain of the owners of property so
charged with the cost of the improvements, which
ordinance became effective on November 15, 1918.   We
assume, as counsel do in their briefs, that the assess-

[1]Reported in 183 Pac. 107.

ments were all made and confirmed in one proceeding, though there were several local improvement districts.

The objecting property owners, considering themselves aggrieved by the levying and confirmation of the assessments, on November 22, 1918, within ten days after the confirmation of the roll, gave due notice of appeal from the decision of the confirmation to the superior court for Yakima county, by filing written notice of appeal with the town clerk and with the clerk of the superior court, and at the same time executing and filing with the clerk of the superior court a good and sufficient appeal bond, all as provided by Rem. Code, § 7892-22, relating to appeals in such cases. The objecting property owners did not, within ten days after the filing of their notice of appeal, file with the clerk of the superior court a transcript of the assessment proceedings, as provided by that section; and did not file such transcript until December 20, 1918, which, it will be noticed, was twenty-eight days after the filing of the notice of appeal.

On December 18, 1918, two days before the filing of the transcript, the town, by its attorneys, served upon the objecting property owners, and filed with the clerk of the superior court, a motion to dismiss their appeal. The motion came on for hearing after the filing of the transcript with the clerk of the superior court by the objecting property owners, and on January 6, 1919, the superior court entered its order dismissing the appeal, resting its order and decision upon the ground, as counsel for the town in the making of their motion did, that the filing of the transcript with the clerk of the superior court within ten days after the filing of the notice of appeal was a jurisdictional step in the taking of such appeal; and that the objecting property owners have not shown themselves excusable for their failure to file the transcript with the clerk of the supe-

rior court within ten days after the filing of the notice of appeal, as provided by Rem. Code, § 7892-22. From this disposition of the case by the superior court, the objecting property owners have appealed to this court.

Before noticing the showing of facts made in the superior court touching the question of appellants' being excusable for their failure to file the transcript with the clerk of the superior court within ten days after the filing of their notice of appeal in that court, let us notice the law applicable to excusable failure in such cases. Section 7892-22, Rem. Code, prescribing the manner of taking appeals from the confirmation of local assessments, reads in part as follows:

"Such appeal shall be made by filing written notice of appeal with the clerk of such city or town and with the clerk of the superior court in the county in which such city or town is situated within ten days after the ordinance confirming such assessment roll shall have become effective, and such notice shall describe the property and set forth the objections of such appellant to such assessment; and, within ten days from the filing of such notice of appeal with the clerk of the superior court, the appellant shall file with the clerk of said court, a transcript consisting of the assessment-roll and his objections thereto, together with the ordinance confirming such assessment-roll, and the record of the council or other legislative body with reference to said assessment, which transcript, upon payment of the necessary fees therefor, shall be furnished by such city or town clerk and by him certified to contain full, true and correct copies of all matters and proceedings required to be included in such transcript."

In *Goetter v. Colville*, 82 Wash. 305, 144 Pac. 30, we held that the filing by appellant of a transcript of the assessment proceedings with the clerk of the superior court is a jurisdictional step in the taking of an appeal from the confirmation of the assessments under this statute, the failure to perform which, on the part of

appellant, would render his attempted appeal of no effect. There was not in that case any question of excusable failure on the part of appellant to timely file the transcript with the clerk of the superior court. Now as we proceed, let us have in mind that, under this as under many appeal statutes, there are these two classes of jurisdictional steps to be taken by appellants in perfecting their appeal: (1) Acts which lie wholly within the power of the appellant to perform; such as the serving and tendering for filing of his notice of appeal, the executing and tendering for filing of his appeal bond, and the demand and tendering of fees for the transcript to be prepared and certified by the clerical officer having the custody of the record from which the transcript is made. (2) Acts which do not lie within the power of appellant to perform himself, or which it is not his duty to perform himself, such as the actual filing of his notice of appeal, appeal bond, and transcript by the clerk of the appellate tribunal; and also the preparation and certifying of the transcript of the proceedings by the clerk of the tribunal from which the appeal is taken, which acts the appellant is to cause to be performed, and a failure on the part of appellant to cause any of them to be performed within the time prescribed by the statute will, as a general rule, render his appeal of no effect. We think the law is that, as to those acts, though jurisdictional, which are not within the power or duty of the appellant to perform himself, his appeal will not be rendered ineffectual by their failure of performance if he has done everything by way of demand, tender of fees, etc., which the law imposes upon him, looking to their timely performance. For instance, if the appellant should timely tender to the clerk of the appellate tribunal for filing a proper notice of appeal, together with sufficient filing fees, and the clerk should refuse

to receive and file such notice within the time pre-
scribed by statute for filing such notice, without fault
on the part of the appellant, such acts on the part of
appellant would be regarded in law as of the same
effect as if the notice were in fact filed in time.  It
seems to us equally plain that, if these appellants have
made proper and timely demand of the town clerk that
he prepare, certify and deliver to them for filing in the
superior court a transcript of the assessment proceed-
ings, at the same time tendering to him proper fees
therefor, and he has failed to timely comply with such
demand, without fault on their part, and they with due
diligence thereafter procured from him and filed a
transcript of the proceedings, they will be deemed in
law to have perfected their appeal within the time pre-
scribed by the statute.  Manifestly the preparation of
the transcript is not within the duty of appellant to
do himself, and its certification is not within his power
to do himself.  We are to remember that the section of
the statute above quoted from by express terms pro-
vides that the transcript "shall be furnished by such
city or town clerk and by him certified to contain full,
true and correct copies of all matters and proceedings
required to be included in such transcript," and also
states specifically what shall be embodied in the tran-
script.

In the text of 3 C. J. 1072, we read:

"As a rule, if delay in taking or perfecting an appeal
or in filing or suing out a petition in error or writ of
error is caused by the act or omission of the court or
some official thereof when the act or occurrence of the
court or of such official is necessary, the appeal may be
taken or perfected, or the petition or writ of error filed
or sued out, after the expiration of the prescribed
time."

This view of the law is abundantly supported by the
authorities there cited, and is applicable to all tri-

bunals from or to which appeals may be taken, whether courts or other bodies which act judicially, as town councils do in assessment cases of this nature. Among the decisions of the courts so holding, dealing with this question where there is involved jurisdictional steps in the taking of an appeal which are not within the power or duty of the appellant himself to perform, but making it his duty to see that they are performed, we note the following: *Cameron v. Calkins,* 43 Mich. 191, 5 N. W. 292; *Short v. Cohen,* 11 Ga. 39; *Holt v. Edmondson,* 31 Ga. 357; *Dobson v. Dobson,* 7 Neb. 296; *Cheney v. Buckmaster,* 29 Neb. 420, 45 N. W. 640; *Omaha Coal, Coke & Lime Co. v. Fay,* 37 Neb. 68, 55 N. W. 211; *Continental Bldg. & Loan Assn. v. Mills,* 44 Neb. 136, 62 N. W. 478.

It is manifest that, if the law were otherwise, one desiring to appeal from a judgment or decision rendered against him by an inferior tribunal could be deprived of that right without fault on his part by the neglect of some public officer to perform some official act necessary to the perfecting of the appeal. Plainly an appellant should not be permitted to suffer by such neglect of a public officer, the appellant himself being free from fault.

The facts upon which the trial court rested its order of dismissal of the appeal were shown by affidavits presented to the court at the hearing of the motion to dismiss. E. E. Horner, one of the appellants and owner of property which was sought to be charged with the cost of the improvement, stated in his affidavit, among other things, the following:

"That on Friday, the 22d day of November, 1918, in company with E. C. Ellis . . . (he) called upon Fred E. Swain, town clerk of the town of Grandview . . . . and first read to him the notice of appeal to the superior court of Yakima county, Washington, the

notice read being an exact copy of the notice filed in
this court on the 22nd day of November, 1918; that
after your affiant had finished reading the said notice,
he handed it to the said clerk and requested that he file
the same, and the said Fred E. Swain then accepted
said notice; . . . that on the same date and at the
same time, this affiant requested the said town clerk to
immediately commence the preparation of a transcript
of the records and proceedings had before the town
council relative to the local improvement districts in-
volved in this action; that he had a letter from the
attorneys for the appellants, Grady & Shumate, which
he read to said clerk and specifically called his atten-
tion to the fact that the transcript must be prepared
and certified to before ten days so that it could be filed
in the superior court as set forth in the letter of the
said attorneys; that thereupon the said Fred E. Swain
stated that he would immediately go to work to pre-
pare said transcript; that this affiant, in the hearing
and presence of the said E. C. Ellis at that time, asked
the said clerk what his fees would be for preparing said
transcript and the said Fred E. Swain stated that he
could not tell what the fees would be and that as soon
as the transcript was finished, he would let this affiant
know the amount of his fees; that this affiant offered to
advance the money for the clerk's fees at this time, be-
ing the 22nd day of November, 1918; that said Fred E.
Swain stated that it would take him over Sunday
to complete said transcript and this affiant believing
that he had had time to prepare the same called upon
the clerk on Monday, the 25th day of November, 1918,
and asked him if the transcript was finished; that the
said clerk answered him that he had not prepared the
transcript; that it was too big a job for him and that
he had sent to Chicago to the bond attorneys where
they already had a complete transcript prepared, for
the purpose of getting copies thereof to furnish the
appellants in this case; that the said Fred E. Swain
then stated to this affiant that he expected to have a
return from Chicago within a week from the date of
November 25th; that this affiant wrote the attorneys
for the appellants, Grady & Shumate, that the clerk

had requested more time in which to get out the transcript, and at the expiration of the said one week this affiant called upon the said Fred E. Swain for the transcript and the clerk then said that he was having three or four girls work on the transcript and that it was about finished and that all that he lacked was the blue print from Chicago which he expected any day; that the clerk also said that as soon as the blue print arrived, he would turn over to this affiant the complete · transcript certified   .   .   ."

E. C. Ellis, another owner of property within the district sought to be charged with the cost of the improvement, confirmed by his affidavit all the facts stated in the above quoted portion of the affidavit of Horner, as occurring in his presence.  The town clerk in his affidavit denied the statements made by Horner and Ellis in some particulars, but admitted that Horner gave him the notice of appeal on November 22, and then demanded the preparation and certification of a transcript of the proceedings and made proper tender of fees therefor, and also that he did not prepare and have ready for delivery the transcript within the ten days prescribed by the statute, stating that he was unable to do so.  While these affidavits also contain statements as to what occurred looking to the furnishing and certifying of the transcript of the assessment proceedings, after the expiration of the statutory time for the filing of the transcript with the clerk of the superior court, as to what then occurred prior to the filing of the transcript on December 20, we think it is sufficient to say that the affidavits render it plain that Horner and Ellis, representing the appellants, then exercised due diligence and did all within their power to hasten the preparation and filing of the transcript of the assessment proceedings with the clerk of the superior court.  We are satisfied that Horner and Ellis, representing appellants, did not fail to do all that they

were required to do under the statute looking to the timely filing of the transcript of the assessment proceedings in the superior court, and that such failure was solely because of the fault of the town clerk; and that therefore the appeal should be deemed to have been timely taken and perfected.

Some contention is made in behalf of the town that it was the duty of appellants to seek the hastening of the filing of the transcript of the assessment proceedings with the clerk of the superior court by mandamus proceedings; and some decisions are cited to sustain this contention. We are satisfied that there was no reason for appellants to regard it as necessary to institute mandamus proceedings against the town clerk prior to the expiration of the statutory period, and that mandamus proceedings instituted thereafter would not have resulted in a more prompt filing of the transcript with the clerk of the superior court than actually occurred. The decisions which hold that an appellant should resort to mandamus proceedings in such cases, have to do with situations where there was an undue delay after the expiration of the time prescribed by statute, or where the appellants had reason to believe before the expiration of the statutory time that the duty would not be performed as demanded within the statutory time.

Counsel for the town contend for a strict and literal construction of the statute, and suggest that the right of appeal exists alone by virtue of the statute, in the absence of which there would be no appeal. It is true that there would be no appeal in such cases from the decision of the city council to the superior court but for the statute. We are to remember, however, that this statute, by express terms, prevents the review of such an assessment proceeding in the courts other than by an appeal as provided therein. This means that

the right to review such proceedings by a suit in equity, which would exist in the absence of such statute, is taken away. Rem. Code, § 7892-23; *In re Local Improvement Sewer District No. 1,* 84 Wash. 565, 147 Pac. 199. These considerations suggest that care should be exercised by the courts in seeing that such right of appeal is not defeated by the failure on the part of an officer of a municipality to perform a plain duty which the appellant is entitled to have him perform, looking to the perfecting of his appeal.

The order of dismissal is reversed and the cause remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

HOLCOMB, C. J., BRIDGES, and MOUNT, JJ., concur.

FULLERTON, J., concurs in the result.